## SUTHERLAND *v.* THE STATE.

1. There was no error in charging the jury that, in determining the truth of the case, they should consider the prisoner's statement in connection with all the evidence.
2. Taken in connection with the entire charge, there was no error in the portions of such charge to which exception was taken.
3. There was no error in the exclusion of testimony, and the evidence authorized the verdict.

Submitted October 19,—Decided November 11, 1904.

Indictment for murder. Before Judge Henry. Floyd superior court. September 5, 1904.

*M. B. Eubanks*, for plaintiff in error. *John C. Hart, attorney-general*, and *Moses Wright, solicitor-general*, contra.

SIMMONS, C. J. After conviction of murder, in the superior court of Floyd county, Sutherland moved for a new trial. His motion was overruled, and he excepted.

1. The court, after stating the statute law applicable to the statement of the prisoner, charged the jury as follows: "Under these rules you will consider it [the prisoner's statement] in connection with all the evidence in the case, in determining what the truth is and what your verdict ought to be." The motion for new trial complained that this charge confused the statement with the evidence, and that it limited the consideration of the statement and took from the jury the right of believing it in preference to the evidence. That this charge did not confuse the statement with the evidence is, we think, apparent from reading it. That it did not take away from the jury the right to believe the statement rather than the evidence is made clear from the fact that the judge had immediately before charged, "You may believe [the prisoner's statement] in preference to the sworn evidence in the case." That the charge did not improperly limit the effect of the statement is settled by the case of *Barnes* v. *State*, 113 *Ga.* 716, and the cases therein cited on page 719.

2. The other complaints of the charge of the court related to incomplete excerpts from the charge. When these excerpts are read in connection with the context, the complaints are so obviously without merit that it would be unprofitable to deal with them at length.

3. The accused was on trial for murder.  He offered evidence that the deceased, soon after the shooting and shortly before his death, had stated that he was not positive that the accused had shot him, this statement being made in the presence of the accused.  Complaint was made of the rejection of this evidence. There was no showing that the deceased, when he made this statement, was conscious of his condition, and the statement was therefore inadmissible as a dying declaration.  It was not admissible as part of the res gestæ; for, while it was made "soon" after the shooting, it does not appear that it was so nearly connected with the homicide as to be "free from all suspicion of device or afterthought."  Even had the evidence been admissible, it was of such character as to have been of slight probative value, too slight for its rejection to demand a new trial, in view of the strength of the evidence that the accused did the killing.

Complaint was also made that, after counsel for the accused had asked a witness for the State certain questions, the court sustained an objection to these questions, and ruled that the matter to which they related was irrelevant.  In response to the questions which had already been asked, the witness had made no answer, except to profess entire ignorance of the matter to which they related.  The ground of the motion for new trial did not state what the accused expected to prove by this witness. For these reasons we can not say whether the witness's evidence would have been relevant, or that the ruling of the court was hurtful to the accused.

The evidence, as contained in the brief of the evidence, was amply sufficient to authorize the verdict.

*Judgment affirmed.  All the Justices concur.*