<p align="center">WHITE <em>v.</em> THE STATE.</p>

1. After a witness for the State in a criminal case had testified that he was a detective, employed to secure evidence of violations of law of the character charged in the case on trial, and that he was to receive compensation for his services, but that his compensation was not in any way dependent upon conviction in the case, being a salary paid by the detective agency with which he was connected, it was not error to refuse to permit the witness to be examined as to what was the amount of the salary thus paid,

when it did not appear that the result of the case would have any bearing upon his future retention as an employee by the detective agency.

2. The words " Sect. 1548 read," appearing in a charge to the jury, indicate with sufficient certainty that what was read was the section of the code of this State, of that number.

3. The evidence warranted the verdict, and there was no error requiring a new trial.

Submitted October 19, — Decided November 11, 1904.

Accusation of unlawful sale of liquor. Before Judge Taliaferro. City court of Sandersville.    September 1, 1904.

*E. W. Jordan,* for plaintiff in error.

*Gus. H. Howard, solicitor,* contra.

Cobb, J.    The accused was convicted of selling liquor in violation of law, and excepted to the overruling of his motion for a new trial.

1. A witness for the State testified that he was a detective, employed by a detective agency at a stated salary; that he had been sent by this agency to discover violations of the prohibition law in the county where the trial was had; and that while he was paid for his services, his compensation was not in any way dependent upon success in this or in any given case.   The judge refused to require the witness to answer as to the amount of his salary.    While we do not think this evidence would have been altogether irrelevant and immaterial, still it was not of such a character that its rejection would require a reversal of the judgment, in view of the fact that there is nothing in the record to indicate that the failure of the detective to secure conviction in this or any other case would probably result in a loss of employment by the detective agency.    See, in this connection, State *v.* Carroll, 85 Iowa, 1.    Parties charged with crime, who are confronted with paid detectives as witnesses for the prosecution, should be allowed the greatest liberality that the law permits on cross-examination; but we do not think that in the present case the failure to admit the evidence which was rejected was an error of such a character as to require the granting of a new trial.

2. The judge was requested to put his charge to the jury in writing.   In one portion of the charge appear the words, "Sect. 1548 read."   It is contended that this does not show what was read — that there is nothing to indicate the book from which

the section is taken. As a general rule, judges read to juries sections from the Code of Georgia only, and a notation of the character above indicated will, until the contrary appears, be presumed to refer to the Code of this State. Of course, if it had appeared that a section from another book was in reality read, a different question would arise. See, in this connection, *Burns* v. *State*, 89 *Ga.* 527 (3).

3. The charge of the judge, taken as a whole, fairly submitted the case to the jury, and those portions which were the subject of exception furnish no reason for granting a new trial. The evidence fully warranted the verdict, and we find no reason for reversing the judgment.

<div align="center">

*Judgment affirmed.* *All the Justices concur.*