## RAY *v.* THE STATE.

ATKINSON, J. Under one phase of the testimony in this case, the jury would have been authorized to find the accused guilty of the offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection; and it was therefore error for the judge to fail to instruct the jury on the law relating to that grade of manslaughter.          *Judgment reversed. All the Justices concur.*

Submitted November 19,—Decided December 12, 1906.

Indictment for murder. Before Judge Reagan. Telfair superior court. May 12, 1906.

Nat and Harvey Ray, brothers, and Glenn Ray, a son of Nat Ray, were working upon a road. The two brothers quarreled about a part of the work, and Nat struck Harvey three times with a stick. Harvey struck back with a hoe, knocking Nat down; whereupon Glenn Ray ran up and struck Harvey on the back of the head with a hoe, killing him. After verdict of guilty of involuntary manslaughter in the commission of an unlawful act, Glenn Ray moved for a new trial, one ground of the motion being that the court erred in declining to charge the jury upon the lower grade of homicide—involuntary manslaughter in the commission of a lawful act without due caution and circumspection; it having been contended by the defense that Glenn Ray's intention in striking his uncle was to knock him off from Nat Ray.                                    \

*Thomas Eason, D. M. Roberts,* and *Eschol Graham,* for plaintiff in error. *E. D. Graham, solicitor-general, John R. Cooper,* and *B. M. Frizzelle,* contra.