## BELL *v.* THE STATE.

Under all the evidence, the theory of manslaughter was involved in this case, and the failure of the court to give in charge to the jury the law applicable thereto was error, even though no request was made that such charge be given.

Argued June 15,—Decided July 16, 1908.

Indictment for murder.   Before Judge Worley.   Wilkes superior court.   May 6, 1908.

*F. H. Colley* and *William Wynne,* for plaintiff in error.

*John C. Hart, attorney-general,* and *David W. Meadow, solicitor-general,* contra.

HOLDEN, J.   The accused was convicted of murder, and to the overruling of his motion for a new trial he excepted.   In addition to the general grounds, the only assignment of error made in the motion for a new trial is that the court committed error by his failure to charge the jury as to the law of voluntary manslaughter, the defendant contending that the evidence required such charge. There were no eye-witnesses to the killing with which the defendant was charged, a conviction having been obtained by the State upon circumstantial evidence and testimony given by witnesses relating statements made by the defendant in reference to the homicide.   The defendant introduced no evidence, but made a statement.   The deceased was found in a gully, with dirt and brush over him.   At the place, and at a different place where the deceased was supposed to have been killed, tracks made with a wooden leg were found.   The defendant was the only person in the community with a wooden leg.   There were three wounds on the deceased; one above the eye, one on the right cheek, and the other under the right ear.   The State introduced several witnesses, who detailed statements made to them by the defendant.   One of them testified as follows:   "John Bell said in the presence of me that he killed this boy in self-defense; that he come up on him and his wife; said he told him 'Oh, yes; I have been laying for you and now I have catched you.'   He said this boy jumped up then and throwed a rock at him and throwed his hand back on his hip pocket, and he thought this boy had a pistol in his pocket, and he run up on him and hit him, afraid that the boy would shoot him. He said he killed him with a stick."   Another witness testified as follows:   "He said he found him with his wife.   I think he first said he heard the boy and his wife talking, and went out there, and the boy throwed a handful of gravels at him; then he said he put his hand behind him, as if he was going to draw a pistol; I don't know whether he told me that or told somebody else.   I ain't positive I heard him say that."   Another witness testified as follows: "He said the reason he hit him he came on up by Dave Huff's and

heard them talking; that he was trying to seduce his wife, and finally caught them in the act of seduction or sexual intercourse. He said he walked up and his wife walked off, and George told him 'If you come any closer I will kill you,' and that he hit him with a stick, this way. . . He said that when he went down there George Bennie picked up a rock and threw at him, and said, 'If you come on me I will kill you;' he didn't say whether he thought he was drawing a pistol, but said he threw his hand up on his hip, and that he was close enough to strike him, and said he struck him." Another witness testified: "He said he found this negro there with his wife; I heard him say so; he said the boy threw a rock at him. I don't remember his saying that he threw his hand behind him and he thought he had a pistol; I won't be positive about that. I heard him say he didn't intend to kill him; I suppose he struck him to protect himself."

1. If this testimony was such as would authorize the jury to find the defendant guilty of the offense of voluntary manslaughter, it was the duty of the court to charge the law upon this subject, and his failure to do so would be error requiring a new trial, whether or not any request to so charge was made. *Ray* v. *State*, 127 *Ga*. 52 (55 S. E. 1046) ; *Joiner* v. *State*, 129 *Ga*. 295 (58 S. E. 859) ; *Dennis* v. *State*, 93 *Ga*. 303 (20 S. E. 315). The testimony of the State's witnesses detailed statements made by the defendant, wherein he undertook to give reasons for killing the deceased, to the effect that the defendant caught the deceased in a compromising position with his wife, and that a short time after he so found them the deceased threw a rock at the defendant. Several of the witnesses testified that the defendant stated that the deceased not only threw a rock at him, but that he also threw his hand behind him and that the defendant thought the deceased had a pistol. One of the State's witnesses stated that he did not remember the defendant saying that the deceased threw his hand behind him and that he thought he had a pistol. This witness testified that defendant told him he found deceased with his wife and deceased threw a rock at him. Another witness stated that the defendant did not say whether he thought the deceased was drawing a pistol, but said he threw his hand on his hip. All of the witnesses agreed that the defendant stated that he found the deceased in a compromising position with his wife, and that the deceased threw a rock

at him. If the deceased threw a rock at the defendant, and thus attempted, without justification, to commit a serious personal injury on the defendant, or if there were other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied, and if the killing was the result of that sudden, violent impulse of passion supposed to be irresistible, the defendant would be guilty of voluntary manslaughter, unless there should have been an interval between the assault, or provocation given, and the homicide—of which the jury are the judges—sufficient for the voice of reason and humanity to be heard. We do not discuss in detail the evidence, as the case will be remanded for another hearing, nor do we mean to intimate whether the defendant should be convicted of murder, or some other offense, or be acquitted; but there was evidence from which, if believed by the jury, they might have found that the truth of the matter was that the deceased threw a rock at the defendant and thus, without provocation, attempted to commit a serious personal injury on him, and that he killed the deceased because of the sudden, violent impulse of passion engendered thereby. There was also testimony from which, if believed by the jury, they might have found that the truth of the matter was that immediately before the defendant killed the deceased, he caught the deceased in the act of sexual intercourse with his wife, and that this was a circumstance equivalent to an attempt by the deceased to commit a serious personal injury on the defendant and justify the excitement of passion and exclude all idea of deliberation or malice, and that the killing was the result of that sudden, violent impulse of passion engendered by such circumstances. Both of these theories, on either of which the jury, if they believed the testimony on which they were based, would have been authorized to find the defendant guilty of voluntary manslaughter, should have been given in charge by the court. Even if the defendant makes a statement which, if true, would justify the killing, and he contends before the jury that he was guilty of no offense, and the State contends before the jury that the defendant is guilty of murder, and introduces evidence from which it could be inferred that he was guilty of murder, if the testimony in the case is such as to authorize the conclusion that the truth of the matter is that the defendant is guilty of voluntary manslaughter, a charge upon this subject should be given, as the

jury should be permitted to find what is the truth of the matter and find the defendant guilty of an offense less than murder, if they believe the evidence so authorizes and that such was the offense really committed, regardless of the contentions of the parties, unless the defendant does something to estop him from complaining that such a charge should have been given. Under the evidence submitted, we think the court committed error in failing to charge the law upon the subject of voluntary manslaughter; and the judgment refusing a new trial is

Reversed. All the Justices concur.