## STRICKLAND *v.* THE STATE.

1. There was evidence sufficient to raise the theory of voluntary manslaughter, and the failure to instruct the jury as to the law applicable thereto requires a reversal of the judgment refusing a new trial.

2. After correctly instructing the jury as to the law of reasonable doubt, it was not cause for a new trial that "the court, . . after charging the doctrine of reasonable fear, [failed] to further instruct the jury, in connection therewith, that defendant was justifiable if there was a reasonable doubt as to whether he acted under such fears or had reason to feel that it was necessary to kill to save his own life."

Submitted June 21,—Decided July 15, 1909.

Indictment for murder. Before Judge Gilbert. Harris superior court. May 8, 1909.

*J. B. Burnside,* for plaintiff in error.

*John C. Hart, attorney-general, George C. Palmer, solicitor-general,* and *C. F. McLaughlin,* contra.

FISH, C. J.   Burdette Strickland was convicted of murder, for the killing of Ed Daniel, and excepted to the refusal of a new trial.   On the trial it appeared that a crowd of negroes and several white men were assembled at night near the door of a tent under which a show was in progress.   The accused, a negro, and the deceased, a white man, were in the crowd.   According to the evidence for the State, the deceased approached the accused, who was talking to a negro woman, and asked them what they were talking about.   She replied that she was asking the accused to pay her way into the show.   Deceased laughed and asked the accused if he was going to do so.   The accused laughed and replied that he was not able to pay her way.   The deceased said: "You ought to go off then."   The accused stepped back, the deceased said something to the woman, the accused cursed, and as the deceased turned around the accused fired at him two or three times with a pistol, and about that time the deceased "managed to get his pistol out" and shot twice at the accused, who immediately fled.   The body of the deceased was penetrated by three pistol balls, and the wounds proved fatal.   According to evidence for the accused, the deceased fired the first shot while both of them were in the crowd, but upwards at an angle of about forty-five degrees.   The accused immediately ran out of the crowd, followed by the deceased, with a pistol in his hand.   The accused turned and shot at the deceased three times, and ran, and the deceased then shot at him three or four times as he fled.

1.   One ground of the motion for a new trial assigned error upon the failure of the court to charge the jury the law of voluntary manslaughter, as the evidence for the accused was sufficient to authorize a finding that the homicide was committed without malice, in a sudden heat of passion, aroused by an actual assault made by the deceased upon the accused.   In *Crawford* v. *State,* 12 *Ga.* 142 (6), it was held:   "When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court to clearly and distinctly instruct the jury as to the law, defining the several grades of homicide, as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what

particular grade he is guilty." And in *Jackson* v. *State,* 76 *Ga.* 473, 478, it was held that "where there is evidence sufficient to raise a doubt, however slight, upon the point whether the crime be murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder. *Wynne* v. *State,* 56 *Ga.* 113." It has been many times held by this court that where, under the evidence, the theory of manslaughter is involved, it is error for the court to fail to give in charge to the jury the law applicable thereto. *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996), and cases cited. If the evidence for the accused be true, it needs no argument to show that the deceased made an assault upon him before he shot the deceased; and therefore the theory of voluntary manslaughter was involved, and the court erred in not instructing the jury as to the law applicable thereto.

2. Another ground of the motion was: "Because the court erred, after charging the doctrine of reasonable fears, in failing to further instruct the jury, in connection therewith, that defendant was justifiable if there were a reasonable doubt as to whether he acted under such fears or had reason to feel that it was necessary to kill to save his own life." There was no merit in this ground. *Dotson* v. *State,* 129 *Ga.* 727 (59 S. E. 774).

As there must be another trial because of the failure to instruct the jury as to the law of voluntary manslaughter, it is not necessary to pass upon the other grounds of the motion for a new trial, as the questions involved are not likely to be again raised.

*Judgment reversed. All the Justices concur.*