## 2030.  STRIBLING *v.* THE STATE.

A pertinent legal charge adjusted to the particular facts relied upon as a defense should be given in charge to the jury, upon an appropriate written request submitted in due time; and this is true although the judge in his charge states generally the abstract principle of law applicable to those facts.

Conviction of manslaughter, from Wilkes superior court— Judge Meadow.   June 28, 1909.

Argued October 4,—Decided November 9, 1909.

*I. T. Irvin Jr., J. M. Pitner, John T. West, H. D. D. Twiggs,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

HILL, C. J.    Plaintiff in error was tried for the offense of murder, and was convicted of voluntary manslaughter.   He excepts to the judgment overruling his motion for a new trial on the general grounds and on eight special assignments of error.   An examination of the record, in our opinion, discloses only one reversible error.   The evidence, considered as a whole and in connection with the defendant's statement, makes the case somewhat close and doubtful.   The theory of the defendant was that he was assaulted

by the deceased and his brother at night while riding along the public road, and was forcibly dragged from his buggy; that threats had been made by the deceased and his brother to make an assault on him, and they had been communicated to him, and that he acted under the fears of a reasonable man that a felony was about to be committed on his person. He was entitled to' have the law applicable to this defense fully stated to the jury, and a request to charge which specifically applied the law relating to this defense to the particular facts of the case was duly made to the court in writing. While the charge as a whole and as to this defense contains the abstract principle of law applicable thereto, it does not in any way attempt to apply the doctrine of reasonable fears to the particular facts of the case as claimed by the defendant in his statement, and as specifically covered by the request to charge. In the case of *Slade* v. *Paschal*, *67 Ga.* 541, the Supreme Court says: "To charge an abstract principle of law is well enough, but when the request goes further and seeks a charge that applies that principle to the facts of the case, if the proof justifies its application, to refuse it is error. An abstract principle given may make but a slight impression on a jury, but when it is applied hypothetically to the facts, it aids the jury to a correct result, and is one of the most potent means in the hands of the court of having the law applicable to the facts fairly administered." It is true, in this particular case, the theory of the defendant relied upon and covered by the request to charge is presented only by the statement of the defendant as to what took place at the time of the killing, but we think the principle of law above announced is also applicable, although the facts relied upon as a .defense appear only in the statement of the defendant. The jury have the statutory right to believe the statement of the defendant in preference to the testimony, if they see proper to do so. The point now under consideration has been specifically ruled as herein announced, by the Supreme Court, in the cases of *Roberts* v. *State*, 114 *Ga.* 450 (40 S. E. 297), and *Johnson* v. *State*, 72 *Ga.* 679. We therefore reverse the judgment of the trial court on the ground that the request to charge set out in the eighth ground of the motion for a new trial, which contained a pertinent principle of law applied specifically and hypothetically to the facts, should have been given to the jury.                    *Judgment reversed.*