## 2107.  CAIN *v.* THE STATE.

The evidence authorized a charge on the law of voluntary manslaughter, and the verdict for that offense is amply supported.

Conviction of manslaughter; from Crisp superior court—Judge Felton presiding.    August 9, 1909.

Argued October 6,—Decided November 9, 1909.

*J. T. Hill,* for plaintiff in error.

*W. F. George, solicitor-general, D. A. R. Crum,* contra.

HILL, C. J.   Cain was indicted for murder, and on the trial was convicted of voluntary manslaughter.  His motion for a new trial being overruled, he brings error.   The main contention argued before us, although there are others in the brief, was, that the court erred in charging the law of voluntary manslaughter, as it was not applicable to the facts, and that the verdict of voluntary manslaughter is wholly without any evidence to support it.

It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter.  *Crawford* v. *State,* 12 *Ga.* 142 (6) ; *Jackson* v. *State,* 76 *Ga.* 473 ; *Wynne* v. *State,* 56 *Ga.* 113 ; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996) ; *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148) ; *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540).   In the *Crawford* case, supra, the court strongly expresses itself on the subject, as follows : "When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty."   In *Jackson* v. *State,* supra, the court uses still stronger language, and holds that "where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary the court should instruct the jury upon these grades of manslaughter as well as murder."

If the theory of manslaughter is raised by the defendant's statement alone, a charge on the law of manslaughter would be proper; and if timely requested, a refusal to so charge would be error.

*Stribling* v. *State,* 6 *Ga. App.* 864 (65 S. E. 1068). The rule of law being well established, we will make a brief application of it to the evidence. The evidence for the State proved a case of assassination. The deceased was a police officer of the town of Cordele. He had, in the discharge of his official duties, made cases against the defendant and his brother for disorderly conduct and for selling liquor, and had pressed the prosecutions. The defendant, for this reason, entertained ill will towards the deceased. He had made threats to kill him. On the night of the homicide, at the house of a friend, he had a quarrel with him. He subsequently armed himself, went to the hotel where the deceased was, called him out of the room under the pretense that he wanted to speak to him, and, when they got outside, immediately and without any provocation pulled his pistol and shot the deceased twice. The pistol of the deceased was found in his pocket, and he did not have time to draw his policeman's club. Two witnesses for the defense gave a different account of the homicide. They swore that as soon as the two came out of the hotel, the defendant began to reproach the deceased for treating him badly; that the deceased in response cursed the defendant, reached out his hand to take hold of him, and attempted to get his pistol or his club, but for some reason did not succeed in doing so before he was shot. This evidence showed that there was an actual assault by the deceased upon the accused, and tended to show that this actual assault was followed by an effort to draw a deadly weapon. It was therefore for the jury to say, under these circumstances, whether the assault was sufficient to arouse the fears of a reasonable man and justify the killing, or was sufficient provocation to justify the excitement of passion and to reduce the killing to voluntary manslaughter. A charge on the law of voluntary manslaughter was demanded by the issue raised by this evidence. *Hatcher* v. *State,* 116 *Ga.* 619 (42 S. E. 1018) ; *Moran* v. *State,* 120 *Ga.* 846 (48 S. E. 324). The evidence of these two witnesses for the defendant, while it showed positively that an actual assault was made by the deceased on the defendant, also clearly showed that the deceased did not actually draw and present a deadly weapon, but only that he made an effort to draw a weapon, but could not do so for some reason. The defendant in his statement admits that, when he shot, the deceased had not drawn or presented his weapon. It was, under these circumstances, for the

jury to say whether he shot under the fears of a reasonable man, or, if not, whether the assault and provocation were sufficient to arouse the excitement of passion. *Chestnut* v. *State*, 112 *Ga.* 366 (37 S. E. 384). The defendant in his statement said that when he reproached the deceased for his previous unkind treatment, the deceased cursed him, "threatened to shoot his damned brains out," reached one hand for him and put his hand to his hip pocket "like he was trying to get something out of his pocket," and he shot as quick as he could. In the language of the most excellent brief of the solicitor-general: "The jury had a right to accept a part of the defendant's statement as the truth of the case, and reject the remainder. They had a right to believe that the deceased struck at the accused with his hand or struck him, and they had a right to disbelieve the defendant's further statement that he feared for his life, in view of the testimony of his witnesses that the deceased, for some reason manifest to them, could not draw or present a deadly weapon. The jury had a right to believe from the evidence that the slayer and the slain reached for weapons at the same time; that the deceased never succeeded in drawing his weapon, and that the slayer knew that he had not and could not draw his weapon. Manifestly, the charge on the law of manslaughter is not only proper, but demanded by the evidence." *Jones* v. *State*, 125 *Ga.* 254 (54 S. E. 144); *Goodman* v. *State*, 122 *Ga.* 111 (49 S. E. 922).

The other assignments of error involve no questions of general interest, and are without merit.          *Judgment affirmed.*