### 5113.   GADLIN v. THE STATE.

RUSSELL, J.   1. The evidence as to alibi not being such as to exclude the possibility of the defendant's presence at the time of the commission of the offense, and there being no request for an instruction upon the subject, the failure to charge on the defense of alibi did not require a new trial.

2. The remaining assignments of error are without merit, and the verdict of the jury, approved by the trial judge, will not be disturbed.

*Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Indictment for larceny; from Ben Hill superior court—Judge George.   June 30, 1913.

*J. A. Griffin, D. E. Griffin,* for plaintiff in error.

*Joseph B. Wall,* solicitor-general, contra.

---

### 5121.   CAMERON v. THE STATE.

HILL, C. J.   1. The written request to charge was pertinent and material to the contention of the accused. The entire charge is not in the record, but the trial judge in his order overruling the motion for a new trial states that he submitted to the jury the contentions of the accused embraced in the written request, and incorporated in his order the substance of his instructions on the contentions covered by the request, and an examination of these instructions shows that they clearly covered the substance of the written request.

2. No other error of law except as above stated being complained of, and, the verdict being supported by evidence, the judgment must be   *Affirmed.*

DECIDED OCTOBER 28, 1913.

Accusation of misdemeanor; from city court of LaGrange— Judge Harwell.   June 24, 1913.

*Mooty & Andrews,* for plaintiff in error.

*Henry Reeves,* solicitor, contra.