### 8376. GIBSON *et al. v.* THE STATE.

1. The ground on which the accused objected to one of the jurors is not supported by the record.

2-3. The instructions of the court as to the unexplained possession of stolen property and as to the impeachment of witnesses are not subject to the exceptions taken.

4. There was no evidence that required an instruction on the law of alibi, in the absence of a request.

5. The inaccuracy in referring to the defendants as "the witnesses" was immediately corrected, and could not have misled the jury.

6. The court did not err in refusing to exclude the answer of certain witnesses, introduced for the purpose of sustaining a witness attacked as unworthy of credit, that they would believe him on oath, although they had testified that his character was bad.

DECIDED MAY 11, 1917. REHEARING DENIED JULY 5, 1917.

Indictment for burglary, etc.; from Wayne superior court—Judge Highsmith. December 9, 1916.

*W. W. Bennett,* for plaintiff in error.

*A. V. Sellers, solicitor-general, J. H. Thomas,* contra.

WADE, C. J. 1. Gibson and Harper were jointly tried under an indictment charging them with burglary and with larceny from

the house of A. J. Gordon. They objected to one of the jurors, before he had been sworn and before the entire jury was selected, and thereafter moved for a mistrial, upon the ground that the juror had served on the grand jury at a previous term of the court and, as a grand juror, had found and returned an indictment against J. M. Anderson for the offense of receiving goods alleged to have been stolen by one Julian Anderson, which were described as the property of A. J. Gordon, and in the same manner as in the indictment against Gibson and Harper. Without determining whether the brief of evidence at the former trial of the defendant Harper (reviewed by this court in the case reported in 17 *Ga. App.* 561), which apparently is attached to the motion for a new trial and is specified in the bill of exceptions (though not incorporated therein) and referred to in the motion for a new trial (though not identified and attached thereto as an exhibit), is properly before this court for consideration, it is enough to say that neither from the indictments which are made a part of the motion for a new trial, nor elsewhere in the record, does it affirmatively appear that the juror objected to was in fact disqualified because of having heard testimony delivered which tended directly or indirectly to connect the defendants on trial with the commission of the crime with which they were charged, or that the defendants Gibson and Harper had been named or referred to in the testimony offered at the investigation before the grand jury, resulting in said indictment against J. M. Anderson, and hence that the said juror had, by the return of said indictment, formed and expressed an opinion as to the guilt or innocence of the defendants Gibson and Harper. The juror qualified on the voir dire, and the trial court did not err in refusing to set him aside on motion or in thereafter refusing a mistrial based upon his alleged disqualification. There is therefore no merit in the first three grounds of the amendment to the motion for a new trial.

2. The instructions of the court complained of in the 4th and 5th grounds of the amendment to the motion for a new trial, which relate to the possession of stolen property unaccounted for, are not subject to the particular exceptions urged, and are in substantial compliance with the law as announced in numerous decisions of the Supreme Court and this court on that subject. See annotations in Park's Penal Code, § 1010, subject "Possession."

3. The charge of the court complained of in the 6th ground of the amendment to the motion for a new trial, touching the impeachment of witnesses, was not misleading, when taken in connection with the entire charge; and besides, no more specific instructions were requested in writing.

4. There is no merit in the 7th ground of the amendment to the motion for a new trial, for the evidence as to alibi was not such as to exclude the possibility of the presence of either or both of the defendants at the time of the commission of the crime, and there was no request for an instruction on the subject. *Gadlin* v. *State,* 13 *Ga. App.* 660 (79 S. E. 751). See also *Smith* v. *State,* 6 *Ga. App.* 577 (65 S. E. 300); *Shaw* v. *State,* 10 *Ga. App.* 776 (74 S. E. 89); *Couey* v. *State,* 11 *Ga. App.* 415 (75 S. E. 445); *Moore* v. *State,* 17 *Ga. App.* 344 (2) (86 S. E. 822).

5. The inaccuracy in the charge of the court, complained of in the 8th ground of the amendment to the motion for a new trial, in referring to the defendants as "the witnesses," was immediately corrected and could not have misled the jury.

6. There is no merit in the 9th ground of the amendment to the motion for a new trial. "An impeached witness may be sustained by evidence going to his character generally." *Surles* v. *State,* 89 *Ga.* 167 (5), 168 (15 S. E. 38). See also *Jackson* v. *State,* 64 *Ga.* 344 (3); *Hart* v. *State,* 93 *Ga.* 160 (20 S. E. 39). "When a witness has been attacked as unworthy of credit, on account of general bad character, and a witness called to sustain him testifies that his character is bad, but that, notwithstanding this fact, he would believe him on oath, the jury should be allowed to consider this evidence in determining what credit is to be given the attacked witness." *Suddeth* v. *State,* 112 *Ga.* 407 (4) (37 S. E. 747). See also *Taylor* v. *State,* 5 *Ga. App.* 237 (4) (62 S. E. 1048).

7. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*

ON MOTION FOR REHEARING.

PER CURIAM. Although the juror objected to served on the grand jury that found the indictment against J. M. Anderson for receiving stolen goods, and therefore heard the testimony of M. J. Harrison, Mrs. Bessie Harrison, and A. J. Gordon, as to Anderson's

guilt of that charge, and though these same witnesses testified on the former trial of Lonnie Harper (one of the plaintiffs in error) in such a manner as to implicate both of the plaintiffs in error in the commission of the crime now under investigation, there is nothing in the record to indicate that in the investigation before the grand jury of the charge against J. M. Anderson, when the juror who is now objected to as disqualified was present, these witnesses mentioned or referred to either Gibson or Harper—notwithstanding their testimony afterwards delivered on the trial of Harper. No brief of the evidence adduced before the grand jury when the indictment was found against J. M. Anderson by the juror Barlow is attached to the record in this case, and this court would be compelled to base its conclusion upon surmise or conjecture only, should we hold that because the names of the witnesses who afterwards testified to the guilt of Lonnie Harper (one of the plaintiffs in error) were indorsed on the indictment against J. M. Anderson, they had in fact testified to the same effect and had implicated or referred to Harper in the independent and separate investigation as to the guilt of said Anderson upon an entirely different charge growing out of the same transaction. It may be borne in mind in this connection that the only issue in the case now under review was whether the storehouse belonging to Gordon had been burglarized. Our decision must be based upon the record as made, and not upon conjectures, or upon plausible or even probable conclusions from certain facts in proof which might support such a conjecture or conclusion but not necessarily require or even suggest a logical resulting inference. The fact that M. J. Harrison, a witness against the plaintiff in error, has been himself convicted on another trial of the same offense as these defendants, and his conviction has been sustained by this court, by no means argues (as contended in the motion for a rehearing) that the conviction of the defendants Gibson and Harper would be a miscarriage of justice, but tends to demonstrate rather that Harrison, Gibson, and Harper *all three* participated in the crime, of the commission of which separate juries have found them guilty, largely upon the testimony of each other. This, however, is not a matter for consideration by this court, as each case must be determined upon the record in that particular case and not upon the record in some other, even where such other case may involve the same crime.

We have carefully gone through the entire record in this case, and, while appreciating the earnest loyalty of able counsel in fighting to the last ditch in behalf of his clients, we can but recognize the natural bias in their favor which he properly should and evidently does entertain, and we are unable to see any sufficient reason to conclude that the original judgment in this case should be altered, and therefore the application for a rehearing is denied.

*Motion for rehearing denied.*