## 9886. REEVES v. THE STATE.

1. The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which of these grades of homicide was committed.

2. The instruction that "a witness may be impeached by disproving the facts testified to by him" was not reversible error for the reason assigned,—that this method of impeachment was not attempted as to any of the witnesses.

3. In giving in charge to the jury provisions of the code-section as to impeachment of a witness by proof of contradictory statements (Penal Code of 1910, § 1052; Civil Code, § 5881), it was not error to omit the part of that section which relates to sustaining the witness by proof of general good character. There was no such evidence of general good character of a witness thus attacked as would require an instruction as to sustaining a witness by such proof.

4. When the entire charge of the court is considered, a new trial is not required on any ground assigned in the exceptions to excerpts from the charge.

5. As to the defendant's statements to another person in regard to the

homicide, made near the body of the man he had killed, which the court excluded on the ground that they were self-serving declarations, and which it was contended were admissible as a part of the res gestæ of the homicide, the ground of the motion for a new trial relating to their exclusion is incomplete, in not showing how near to the time of the homicide they were made. It should appear from the ground itself that they were "so nearly connected [with the homicide] in time as to be free from all suspicion of device or afterthought." Penal Code, § 1024.

6. There was evidence sufficient to support the verdict.

DECIDED OCTOBER 8, 1918.

Indictment for murder—conviction of manslaughter; from Pickens superior court—Judge Morris. May 11, 1918.

*John S. Wood, George D. Anderson,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

BLOODWORTH, J. 1. In the case of *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069), it was said: "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wynne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540). In the *Crawford* case, supra, the court strongly expresses itself on the subject, as follows: 'When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty.' In *Jackson* v. *State,* supra, the court uses still stronger language, and holds that 'where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder." See also *Tanner* v. *State,* 21 *Ga. App.* 190 (94 S. E. 67), and cases cited in the opinion. Applying the rules laid down above, the court committed no error in charging the jury on voluntary manslaughter.

2. Under the facts of this case, and in the light of the entire

charge of the court, it was not reversible error, in charging on the impeachment of witnesses, to tell the jury "a witness may be impeached by disproving the facts testified to by him." Penal Code, § 1051.

3. The 3d ground of the amendment to the motion for a new trial alleges error because the judge, in giving in charge § 1052 of the Penal Code (1910), omitted therefrom the last clause, which reads as follows: "When thus impeached, he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." The court was not required to give this part of the section in charge, when the only testimony which could be construed as tending to sustain a witness whose credibility was attacked by proof of contradictory statements as to matters material to the issue was as follows: "I know Wes Duncan. I don't know a thing against him. I am acquainted with Duncan, but I don't know very much about him. I am not intimately acquainted with him. I haven't heard anything against Mr. Duncan. I have known him for a number of years casually. I have never been intimately acquainted with him. I don't know that I ever had any business dealings with him. As far as I know about Duncan he is all right. I wouldn't hardly think I would believe him on oath in a court of justice. I said as far as I knew Mr. Duncan was all right, when you asked me out by the side of the courthouse before coming up here. Yes, I told you I would believe him on oath, but possibly I had better change this a little bit and explain matters further. Maybe I don't understand exactly what it means by not believing a man on oath. I have never been a witness on a case of this kind or a witness against a man's character, and Mr. Wood asked me would I believe him on oath, and I told him I would, judging from general character and what I have really known of him. I say now *from what I know and from dealings I have had with him* I would believe him on oath." (Italics ours.) See, in this connection, *Joyner* v. *State,* 12 *Ga. App.* 217 (2) (77 S. E. 9) ; *Gibson* v. *State,* 20 *Ga. App.* 73 (93 S. E. 48).

4. When considered in connection with the entire charge of the court we find no error in any of the excerpts therefrom, of which complaint is made, that would authorize the grant of a new trial.

5. Each ground of the motion for a new trial must be complete

within itself.   Ground 11, while it shows that the conversation which it is claimed was erroneously ruled out occurred near the dead man, does not show when it occurred.    Before this court can say it is error to rule out evidence as a part of the res gestæ, the ground of the motion must itself show that the declarations either accompanied the act or were "so nearly connected therewith in time as to be free from all suspicion of device or afterthought."    Penal Code (1910), § 1024.

6.   There was evidence sufficient to support the verdict.

*Judgment affirmed.   Broyles, P. J., and Harwell, J., concur.*