## 12132.   MINCEY v. THE STATE.

1. It was not error for the court, after the solicitor-general had finished his argument to the jury and while counsel for the defendant was making the concluding argument, to state to the jury that upon reflection he would exclude testimony of an eye-witness to the homicide (for which the defendant was on trial), as to what his fears and thoughts were immediately preceding the homicide. The testimony of the witness as to the facts and circumstances immediately preceding the killing were not excluded, but merely his fears and thoughts. The fears and thoughts of the witness, a mere bystander, were immaterial and inadmissible, and were properly excluded, and it was not error for the court to interrupt the argument of the defendant's counsel for the purpose of telling the jury that this testimony was excluded.
2. It was not error for the court to instruct the jury upon the law of voluntary manslaughter.
3. In the light of the facts of the case and the entire charge of the court, there is no material error in the following excerpt from the charge: " In order to justify a killing, justify a homicide, however, there should be something more than mere verbal threats. There must be an appearance of imminent danger. The means of inflicting the threatened injury must apparently be at hand, and there must be some manifestation of an intention to inflict the injury presently." Substantially the same charge was complained of in the 24th ground of the amendment to the motion for a new trial in *May* v. *State,* 24 *Ga. App.* 379 (9) (100 S. E. 797),

and was held not to be reversible error. See also *Cumming* v. *State,* 99 *Ga.* 664, and *Best* v. *State,* 26 *Ga. App.* 671 (107 S. E. 266).

4 The following excerpt from the charge of the court is complained of: " If, however, the slayer kills his adversary in good faith believing his adversary is about to take his life unlawfully or commit a felony upon his person, and at the time of the killing the circumstances were sufficient to excite the fears of a reasonable man that the deceased was about to take the life of the slayer unlawfully or commit a felony on his person, then such killing would be justifiable; and in determining the motive with which the slayer acts, and whether or not at the time of the killing the circumstances were sufficient to excite the fears of a reasonable man, any threats or menaces which may have been shown to have been made by the deceased against the slayer should be considered by the jury, together with the other facts and circumstances proven." This portion of the charge was applicable to the facts of the case, was quite favorable to the defendant, and was not error for any reason assigned.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED MAY 11, 1921.

Indictment for murder — conviction of manslaughter; from Appling superior court — Judge E. D. Graham presiding. December 18, 1920.

*S. D. Dell,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BROYLES, C. J. The 2d headnote alone needs elaboration. The defendant was on trial for murder. A witness for the State testified that shortly before the homicide the defendant and the deceased were " fussing and rowing " in the house of the deceased, and that the deceased was loudly cursing the defendant, that the defendant left the house, and that the deceased followed him out and said he was going to give the defendant hell, and the defendant in reply said, " Don't you come on me, uncle Bill," and the deceased then threw his hand to his hip-pocket and made a step towards the defendant, whereupon the defendant shot and killed him. The defendant, in his statement to the jury, said that shortly prior to the killing he and the deceased had some words in the latter's house, and that the deceased called him a liar, that he (the defendant) walked out of the house, and that the deceased followed him to the door and called him a " God damn son of a bitch," and said he was going to give him trouble " right now," and threw his hand back in his hip-pocket on his pistol, and that he was expecting to be shot by the deceased, and that he (the defendant) fired and the deceased fell. The evidence disclosed that almost immediately after the shooting the deceased was searched and no pistol was found upon his person.

It is well settled that the jury in a criminal case can believe a part of the defendant's statement and reject other parts. They can believe a part of the statement which shows that the killing was done without malice, and reject other parts that show it was justifiable. They can, if they see fit, combine portions of the evidence and portions of the statement, in determining whether the homicide was murder or manslaughter. In this case the jury were authorized to reject that part of the defendant's statement which showed that the deceased threw his hand upon his pistol, and to believe other portions of the statement which showed that the deceased, without provocation, had used vile and opprobrious language to the defendant and had attempted to assault him, and to find that this language and attempted assault had so aroused the defendant's passion that the killing, although not justifiable was without malice. If there is anything in the evidence or the defendant's statement which would authorize the jury to find that a sudden quarrel arose preceding the homicide, that an assault was attempted by the deceased upon the defendant, and that the killing was caused by a sudden heat of passion, and without malice, it is not error for the court to instruct the jury upon the law of voluntary manslaughter. *Clark* v. *State,* 6 *Ga. App.* 741, 743 (65 S. E. 694).

Where the evidence, or the defendant's statement, or portions of the evidence and portions of the statement combined, raise a doubt, however slight, as to whether the homicide was murder or voluntary manslaughter, it is not error for the court to instruct the jury upon the law of voluntary manslaughter. *Jackson* v. *State,* 76 *Ga.* 473; *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069) ; *Tanner* v. *State,* 21 *Ga. App.* 189 (94 S. E. 67), and citations; *Reeves* v. *State,* 22 *Ga. App.* 628 (97 S E. 115), and citations.

It follows from what has been said that the court did not err in instructing the jury upon the law of voluntary manslaughter, and the excerpts from the charge upon this subject were not erroneous for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*