### 16229. LAMAR *v.* THE STATE.

The alleged newly discovered evidence did not require a new trial.
The verdict of voluntary manslaughter was not unsupported by evidence.

       DECIDED MARCH 27, 1925.

Conviction of manslaughter; from Houston superior court—Judge Malcolm D. Jones. December 19, 1924.

*Marx Kunz, J. W. Bloodworth,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. 1. Special grounds 4 and 5 are based upon alleged newly discovered evidence. Even if it be granted that proper diligence was ·exercised in discovering the evidence incorporated in ground 4, it is cumulative. If that embodied in ground 5 can be considered as newly discovered evidence, it is impeaching in its nature, and its only effect would be to tend to discredit a witness for the State. The evidence embraced in these grounds is of such a character that if it were introduced upon

another trial, with the other evidence in the case, it is not probable that a different verdict would be returned.

2. "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6) ; *Jackson* v. *State,* 76 *Ga.* 473; *Wayne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996) ; *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148) ; *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540)." *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069). In *Griffin* v. *State,* 18 *Ga. App.* 462 (89 S. E. 537), it was said: "If there be any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both of these offenses should be given. *Jackson* v. *State,* 76 *Ga.* 473, 478; *Wayne* v. *State,* 56 *Ga.* 113." And "if there is anything deducible from the evidence or from the defendant's statement at the trial, that would *tend to show* manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter."

Under the rulings in the foregoing cases a verdict of voluntary manslaughter in this case was not without evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*