21269.   INGRAM v. THE STATE.

DECIDED APRIL 14, 1931.

*Zach. Arnold, E. R. King,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

BLOODWORTH, J.   After shooting Lucile Pitts, Frank Ingram walked across a lot of land, called Dr. J. H. Ingram, ·who was asleep, waked him, and told him how the shooting occurred. On the trial of Frank Ingram for murder this statement made to Dr. Ingram was offered in evidence by the defendant, and was objected to by the State, "on the grounds that it was not a part of the res gestæ and was a self-serving declaration." The court sustained the objections, and the defendant made this alleged error one of the grounds of his motion for a new trial.

■   The statement referred to above, copied in the motion for a new trial, clearly shows that it was a self-serving declaration, and, being such, it was properly excluded. *Garner* v. *State,* 6 *Ga. App.* 783 (3) (65 S. E. 842). See also *Deal* v. *State,* 18 *Ga. App.* 70 (5) (88 S. E. 902). This ground of the motion for a new trial does not show when the statement was made,. and therefore it can not be treated as a part of the res gestæ. However, the ground does show that it was made after the accused had come "across a lot of land," and Dr. Ingram stated that "it could not have been long after the shooting." As to the time this is too indefinite. In *Southerland* v. *State,* 121 *Ga.* 191 (3) (48 S. E. 915)', as to a statement made by the accused, the Supreme Court held that "it was not admissible as a part of the res gestæ, for while it was made 'soon' after the shooting, it does not appear that it was so nearly connected with the

homicide as to be free from all suspicion of device or afterthought." See also *Pool* v. *Warren County*, 123 *Ga.* 206 (1, 2) (51 S. E. 328) ; *Thornton* v. *State*, 107 *Ga.* 683 (33 S. E. 673). In *Reeves* v. *State*, 22 *Ga. App.* 628 (97 S. E. 115), the record shows that the defendant made a statement to another person "near the body of the man he had killed," and this court held the ground "incomplete in not showing how near to the time of the homicide they [the statements] were made;" and also held that "before this court can say it is error to rule out evidence as a part of the res gestæ, the ground of the motion must itself show that the declarations either accompanied the act or were 'so nearly connected therewith in time as to be free from all suspicion of device or afterthought.' Penal Code (1910), § 1024." Under the foregoing rulings this court cannot say that the trial court erred in ruling out the statement on the ground that it was "not a part of the res gestæ and was a self-serving declaration."

■ The court is alleged to have erred in charging as follows: "If you find that previous threats were made by Bill Hardy, they are not to be considered by you unless some proof of the conduct or overt act upon the part of Bill Hardy caused the defendant to believe or apprehend that Bill Hardy intended or was endeavoring to carry the threats into execution." To so instruct the jury was not error. *Mincey* v. *State*, 27 *Ga. App.* 4 (3) (107 S. E. 546), and cases cited.

■ The evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*