DECIDED MARCH 24, 1933.

*Norman DeKrasner, Sidney J. Goodman,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

## 22986. ECHOLS v. THE STATE.

DECIDED MARCH 24, 1933.

*Frank Gearrald, Smith & Millican,* for plaintiff in error.

*William Y. Atkinson, solicitor-general,* contra.

BROYLES, C. J. ■ "The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is *anything deducible* which would *tend* to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a *doubt* as to which of these grades of homicide was committed." (Italics ours.) *Reeves* v. *State,* 22 *Ga. App.* 628 (97 S. E. 115) ; *May* v. *State,* 24 *Ga. App.* 379 (11), 382 (100 S. E. 797) ; *Salter* v. *State,* 39 *Ga. App.* 13. Applying this ruling to the facts of the instant case, it does not appear that the court erred in instructing the jury upon the law of voluntary manslaughter.

■ Several grounds of the motion for a new trial complain of various excerpts from the charge of the court, in which the jury were instructed upon the law of the fears of a reasonable man, it being alleged by the movant that at the time of the homicide an actual felony was being committed upon his person, and that the charges upon the subject of "reasonable fears" were not authorized by the evidence. Conceding (but not deciding) that such instructions were not authorized, they were not harmful to the defendant's cause, but were distinctly in his favor, since they empowered the jury to acquit him if they believed that, although no felony was being committed upon him, he killed the deceased under the fears of a reasonable man that his life was in danger. In other words, the jury were instructed that the defendant's right to kill the deceased was not restricted to the theory that his life was in real danger, but that such a right existed even if the danger were not real, but only apparent under the fears of a reasonable man. This ruling is not in conflict with the decisions cited by counsel for the accused. In *Oneal* v. *State,* 47 *Ga.* 230 (4), it was held merely that "where the evidence does not warrant a charge as to reasonable fears, the failure of the court to charge upon that subject is not error." In *Smith* v. *State,* 147 *Ga.* 689, the fourth headnote is as follows: "It is error, upon the trial of one indicted for murder, so to instruct the jury as to make the defense of justifiable homicide interposed by the defendant *depend both upon an actual necessity to*

*kill and upon the sufficiency of the circumstances to justify the fears of a reasonable man that it was necessary for him to kill the deceased in order to save his own life."* (Italics ours.) The infirmity in that charge is obvious, but such error does not appear in the charge now under consideration. And in *Gay* v. *State,* 173 *Ga.* 793 (161 S. E. 603), where the judgment of the trial court was affirmed, nothing in the decision is in opposition to the present holding, but the ruling in *Oneal* v. *State* and *Smith* v. *State,* supra, were merely approved.

■ A ground of the motion for a new trial, based upon alleged newly discovered evidence, sets forth the joint affidavit of two persons stating that the deceased, on the day after he was shot, made to them an alleged dying declaration in which he exculpated the defendant and admitted that he (the deceased) was to blame for the rencounter between himself and the defendant. Upon the question as to whether the deceased was in articulo mortis, or whether he was conscious that he was in a dying condition when he made the alleged declaration, the State introduced a counter-showing which authorized the judge to resolve both points against the movant. It follows that the overruling of the ground was not error.

■ The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*