## 28030.  TUCKER *v.* THE STATE.

DECIDED FEBRUARY 10, 1940.

*Howard, Tiller & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

GUERRY, J. Olin Tucker was indicted and tried for murder. The jury returned a verdict of voluntary manslaughter. The defendant moved for a new trial. The motion was denied and the defendant excepted, assigning error upon the general grounds, together with a special assignment that the court erred in charging the law of voluntary manslaughter, in that, while correct in principle, it was inapplicable and unauthorized under the facts, and extremely prejudicial in that it decidedly had the effect of causing the jury to reach a *compromise* verdict when the only proper verdict on the issue of murder was acquittal. Under the evidence and the defendant's statement the facts were substantially as follows: The defendant's wife, the deceased, returned home near midnight, drunk, cursing, and kicking things around, and on remonstrance by the defendant threw a glass ash tray at him. He then lost his temper and slapped her, though not hard. She then advanced upon him with a pistol taken from the dresser drawer, when he felt he had to defend himself. They scuffled over the pistol a minute or two; it then went off and shot the deceased in the lips and mouth, killing her, but leaving (according to the weight of evidence) no powder burns. The defendant and the deceased, though having been separated about two years before, were living together. The defendant had placed the pistol on the chest of drawers about three months before, when he stated he was going to kill his wife, her sister, and himself. Expert testimony disclosed that powder burns can be made within a range of only eighteen to twenty inches, and that it was practically impossible for the wound to have been inflicted at a greater range by the deceased and the defendant acting in concert in a scuffle over the pistol, but only by the independent act or agency of one acting beyond that range. The defendant further declared that he did not know what happened or how it happened; that the pistol was at her head at the time it went off.

Under the defendant's statement, or his statement and the evidence, there was a mutual intention to fight, and a charge upon voluntary manslaughter was proper. *Brown* v. *State,* 10 *Ga. App.* 50 (72 S. E. 537); *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *House* v. *State,* 45 *Ga. App.* 312, 315 (164 S. E. 467). The deceased was assaulting the defendant with an ash tray and a pistol; the defendant was

resisting by slapping, and (by reasonable inference from the evidence and the defendant's statement) by shooting her with a pistol taken from the deceased in the scuffle, the range distance of the shot indicating the impossibility of the shooting being other than by his own hand. Had the killing been with a weapon originally in his possession and used to repel such assault a verdict of not guilty would have been authorized, but where the evidence would authorize the inference that the defendant had disarmed the deceased, made impotent her further assault, and then killed her in the lack of apparent necessity so to do, the jury would have been authorized to find such killing to be murder, save that they believed further that the defendant was then acting under a violent impulse of passion, supposed to be irresistible, excluding the voice of reason and humanity, when the killing would be voluntary manslaughter. The defendant stated, and the jury was authorized to believe him, that he did not know what was happening. Then it would follow that they were further authorized to believe that even though he did the shooting in the manner indicated, he did it under an impulse of irresistible passion, and such as would reduce the crime of murder to that of voluntary manslaughter. The court did not err in charging the law of voluntary manslaughter. The verdict was supported by the evidence and the defendant's statement. The court properly overruled the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*