29719.   NORRIS *v.* THE STATE.

Decided December 4, 1942.

491

T. *Reuben Burnside*, W. *Tom Veazey*, for plaintiff in error.
J. *Cecil Davis*, solicitor-general, contra.

MacIntyre, J. 1. "The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which of these grades of homicide was committed." *Reeves* v. *State*, 22 *Ga. App.* 628 (97 S. E. 115). Applying the above rule to the evidence the jury were authorized to find the defendant guilty of voluntary manslaughter.

2. Special ground 1: The court charged the jury as follows: "I charge you that the two sections of the Code which I have just read, that is, section 70 [Code of 1933, § 26-1011] which has reference to justifiable homicide, in self-defense or in defense of habitation, person or property against one who manifestly intends or endeavors by violence or surprise to commit a felony on either, and section 71 of the criminal Code [Code of 1933, § 26-1012] cover-

ing the principle of the shooting having occurred or the killing having occurred under the fears of a reasonable man, I charge you that these two sections which I have just read apply where the defendant himself is without fault; where he is assaulted or attacked without any fault on his part, and he simply acts in his own defense, and as to whether they apply in this case is altogether for your determination from the evidence and from the defendant's statement." To this instruction the plaintiff in error excepted on the ground that it instructed the jury that these two Code sections applied where the defendant was without fault, whereas the law does not require that the defendant be without fault. In addition to the above objection, the defendant contends that the excerpt is an incorrect statement of the law. The objections raised have been decided adversely to the contention of the defendant in *Smith* v. *State,* 51 *Ga. App.* 601 (181 S. E. 212).

3. Special ground 2: The evidence authorized the charge under Code, § 26-1014, and we think the jury were authorized to find that there was an intention to fight with deadly weapons, it being disclosed on the trial that one of the combatants had a knife and the other had a shotgun; and if the evidence authorized the charge on mutual combat the charge as given was not error under the ruling in *Smith* v. *State,* supra.

4. Special ground 3: There was no reversible error in the judge's charge for the reason complained of in this ground. Where the judge charged the law in reference to justification if the slayer acted under the fears of a reasonable man, in accordance with Code, § 26-1012, and also charged the law touching voluntary manslaughter and the reduction of the homicide from murder to manslaughter in accordance with § 26-1007, it furnishes no ground for reversal that he failed, in connection with the latter charge, to specifically instruct the jury as to what consideration might be given to threats and menaces in connection with the doctrine of reasonable fears. *Futch* v. *State,* 137 *Ga.* 75 (72 S. E. 911).

5. Ground 4: The defendant contended that voluntary manslaughter was not involved. Having decided in a previous division of this opinion that it was involved, there is no merit in this ground.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*