## 30162.   NORTH *v.* THE STATE.

DECIDED SEPTEMBER 8, 1943.

*J. L. Smith,* for plaintiff in error.

*L. L. Meadors, solicitor-general,* contra.

GARDNER, J. ■ The defendant earnestly contends that the evidence does not sustain the verdict of voluntary manslaughter; that under the evidence the defendant was either guilty of murder or of no offense at all; and that the court erred in submitting the question of voluntary manslaughter to the jury. Under the record of this case, we can not agree with able counsel. If the question of voluntary manslaughter under the evidence and the defendant's statement in this case was closer and more doubtful than appears from the record, still it would have been the duty of the trial judge to submit the principle of voluntary manslaughter for the jury to determine. In *Smith* v. *State,* 147 *Ga.* 682 (95 S. E. 223), under a statement of facts which will be found by reference to the case, the court held: "The statement and evidence just recited, if true, were sufficient to authorize the jury to find the commission of an

assault by the deceased upon the accused. *Thomas* v. *State,* 99 *Ga.* 38 (2), 42 (26 S. E. 748); *Rutherford* v. *State,* 5 *Ga. App.* 482 (63 S. E. 570). And the jury might have found that the assault was not felonious, and being so, that killing to prevent its perpetration would be voluntary manslaughter. *Tanner* v. *State,* 145 *Ga.* 71 (88 S. E. 554); *Northfoot* v. *State,* 142 *Ga.* 714 (83 S. E. 655)." In *Reeves* v. *State,* 22 *Ga. App.* 628 (97 S. E. 115), this court said: "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wynne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540). In the *Crawford* case, supra, the court strongly expresses itself on the subject, as follows: 'When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty.' In *Jackson* v. *State,* supra, the court uses still stronger language, and holds that 'where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder.' [Quoting from *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069)]. See *Tanner* v. *State,* 21 *Ga. App.* 190 (94 S. E. 67), and cit. Applying the rules laid down above, the court committed no error in charging the jury on voluntary manslaughter." In *Tucker* v. *State,* 61 *Ga. App.* 661 (7 S. E. 2d, 193), the court said: "1. Where on indictment and trial for murder the offense of voluntary manslaughter may be reasonably deduced from the evidence or the defendant's statement considered separately or together, a charge upon the law of voluntary manslaughter is authorized. 2. 'Where the evidence, or the defendant's statement, or portions of the evidence and portions of the statement combined, raise a doubt, however slight, as to whether the homicide was mur-

der or voluntary manslaughter, it is not error for the court to instruct the jury upon the law of voluntary manslaughter.' *Mincey* v. *State,* 27 *Ga. App.* 4, 6 (107 S. E. 546)." See *Echols* v. *State,* 63 *Ga. App.* 413 (11 S. E. 2d, 256), as to a previous difficulty.

It is urged under the general grounds that the evidence does not warrant a verdict of voluntary manslaughter, and it is urged under a special ground that the court erred in submitting to the jury the question of voluntary manslaughter. These contentions are without merit.

■ The remaining question to be determined is whether the newly discovered evidence demands a reversal. The defendant produced affidavits that on the afternoon of the homicide several persons heard the deceased while standing in front of the church make the remark substantially that if he could get the North boys (meaning the defendant and his brother) out of the house and away from the church, he would go and "cut the hell out of both of them." It is conceded by counsel that the granting of a new trial on newly discovered evidence is left to the sound discretion of the trial judge, and that this court is without authority to reverse his judgment thereon unless a manifest abuse of discretion is shown. The facts of this case present no occasion which demands a reversal. Indeed the record reveals that after the defendant and his brother were arrested, in the presence of the arresting officer, when being questioned as to why the deceased was called out, the brother of the defendant stated: "Yes, I called him out. . . I heard he was going to kill us both, and he [meaning the brother] talked to him [meaning deceased] about it." Assuredly if the defendant and his brother knew only a short time after they were arrested that the deceased had threatened them, why did they not have their informer present at the trial to so testify? This we are unable to reconcile with the alleged newly discovered evidence. As to the discretion of the judge in passing upon questions of newly discovered evidence, see *Brand* v. *Lawrenceville,* 64 *Ga. App.* 357 (13 S. E. 2d, 214), and the criminal and civil cases there cited. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*