## GRIMES *v.* THE STATE.

FISH, P. J. 1. On the trial of one indicted for voluntary manslaughter, the evidence of the State's witnesses, if believed, made out a case of murder, while the statement of the accused, if all of it were believed, showed the homicide to be justifiable; if, however, part of the statement were believed and the balance disbelieved, the offense committed was voluntary manslaughter. *Held,* that as the jury are free to give the prisoner's statement such credence as they think proper and may therefore believe all or a part of it as they see fit, a charge on the law of voluntary manslaughter was proper, and that a verdict finding the accused guilty of that offense was not unwarranted.

2. A new trial will not be granted on account of newly discovered evidence which is merely of an impeaching character; nor on account of alleged newly discovered evidence of any kind, when movant's counsel files no affidavit of his ignorance, before the verdict, of the existence of such evidence.

3. An exception to a correct charge on voluntary manslaughter was not well taken when the error assigned was that "the court should have gone further and submitted the question of involuntary manslaughter."

4. The court did not err in charging the doctrine of reasonable fears as contained in the Penal Code, § 71.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Argued July 10, — Decided August 4, 1905.

Indictment for voluntary manslaughter. Before Judge Reagan. Fayette superior court. May 26, 1905.

*J. W. Wise,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.