## Bonner v. The State.

Evans, J. 1. The charge of murder was established by the evidence for the State, which showed that the deceased died from a wound inflicted upon him by the accused with a knife, wantonly and without any provocation.

2. In such a case it can avail the slayer nothing that the wound inflicted was of such a character that the life of the deceased might have been saved had he received medical attention within a few hours after being stabbed, when it affirmatively appears that without the intervention of medical skill such a wound must necessarily prove fatal, and that it was in point of fact the proximate cause of the death of the deceased, inasmuch as no physician could be procured to render timely assistance in endeavoring to save his life. *Downing* v. *State*, 114 *Ga.* 30.

3. The accused was not entitled to a new trial because of newly discovered evidence to the effect that, in the opinion of the physician who attended the deceased, the wound was not made by a person standing directly behind the deceased at the moment the fatal stab was given. No specific reason is assigned why this evidence could not have been discovered by the accused or his counsel before the trial; and even if proper diligence was observed in the preparation of his case, the evidence could serve no purpose other than possibly to cast discredit upon the testimony of one or more of the witnesses for the State, concerning the relative positions of the deceased and his slayer at the time the wound was inflicted. "A new trial will not be granted on account of newly discovered evidence which is merely of an impeaching character." *Grimes* v. *State*, 123 *Ga.* 754(2). 　　　*Judgment affirmed. All the Justices concur.*

Submitted March 19,—Decided May 10, 1906.

Indictment for murder. Before Judge Freeman. Carroll superior court. January 10, 1906.

*S. Holderness* and *Leon Hood,* for plaintiff in error.

*John C. Hart,* attorney-general, and *J. R. Terrell,* solicitor-general, contra.