### SMITH v. THE STATE.

FISH, C. J. On the trial of one charged with murder there was evidence tending to show the commission of that offense without mitigation. The statement of the accused to the jury on the trial was to the effect that the deceased had recently threatened the life of the accused; that on the day of the homicide the accused was riding a mule and carrying a gun; that he was met by the deceased, who "halted" him; that he did not stop, and was again commanded to stop; that, believing that the deceased had "something in his pocket" with which to shoot, he stopped. The statement thus expressed what then ensued: "I was so sure he would shoot me in the back I stopped, and when I stopped I got off on the right-hand side of the mule, and when I got down there on the right-hand side of the mule he started around, and I backed around the mule. I thought he might have a pistol, but when I looked he had his knife and started to me, and I told him not to come to me, and he kept coming, and I got back, and he said he was going to cut my damn heart, and I fell back against the mule and shot, and when I shot I went right back to old man Richmond and put up the mule and come back down to Mr. Pollard and give up." There was no eye-witness to the rencounter. There was testimony of several witnesses to the effect that soon after the homicide the knife of the deceased was found open, some of the witnesses testifying that it was on the ground by the body, and others that it was in his hand in his pocket. *Held:*

(*a*) The statement and evidence just recited, if true, were sufficient to authorize the jury to find the commission of an assault by the deceased upon the accused. *Thomas* v. *State*, 99 *Ga.* 38 (2), 42 (26 S. E. 748); *Rutherford* v. *State*, 5 *Ga. App.* 482 (63 S. E. 570). And the jury might have found that the assault was not felonious, and being so, that killing to prevent its perpetration would be voluntary manslaughter. *Tanner* v. *State*, 145 *Ga.* 71 (88 S. E. 554); *Northfoot* v. *State*, 142 *Ga.* 714 (83 S. E. 655).

(*b*) It follows that the court erred in so instructing the jury as to exclude from their consideration the theory of voluntary manslaughter, presented by the prisoner's statement and the evidence above referred to, when the jury was charged to the effect that they could find only one of two verdicts, namely, one guilty of murder, and the other not guilty. Any statement in the decision in the case of *Cargile* v. *State*, 136 *Ga.* 55 (70 S. E. 873), only five Justices participating, to the effect that the judge properly excluded from consideration of the jury the question of voluntary manslaughter where that theory was presented solely by the statement of the prisoner, is not binding and is disapproved.

*Judgment reversed. All the Justices concur, except Gilbert, J., dissenting.*
      No. 366. FEBRUARY 16, 1918.

Indictment for murder. Before Judge Hammond. Columbia superior court. May 7, 1917.

*John T. West,* for plaintiff in error.

*Clifford Walker, attorney-general, A. L. Franklin, solicitor-general, John M. Graham,* and *M. C. Bennet,* contra.