## BOOKER *v.* THE STATE.

Where on the trial of one charged with murder the State introduced evidence of declarations of the defendant after the killing, tending to show that at the time of the homicide the deceased cursed the defendant and drew a pistol on him, when the defendant snatched the pistol out of the deceased's hands and shot him, this evidence required a charge on

the law of voluntary manslaughter, and it was error requiring a new trial for the court to fail to charge the law of voluntary manslaughter as applicable to the case.

No. 2753.  MARCH 18, 1922.

Indictment for murder. Before Judge Mathews. Bibb superior court. July 26, 1921.

*John R. Cooper* and *W. O. Cooper Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *Seward M. Smith, asst, atty.-gen.,* contra.

HILL, J. Luther Booker was indicted for the murder of Richard Harpe. The jury trying him returned a verdict of guilty, with recommendation to the mercy of the court; and he was sentenced to the penitentiary for life. He filed a motion for new trial on various grounds, which was overruled, and he excepted.

1. The first ground of the amended motion complains that the court erred in not charging the jury the law of voluntary manslaughter as defined in § 65 of the Penal Code of Georgia, which is as follows: " In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." It is contended that according to the State's evidence an assault was made upon the defendant at the time of the homicide, and that manslaughter was involved in the case. A witness for the State testified, without objection, to the following effect: " I had the defendant in my custody sometime in the early part of April this year, coming from Cincinnati, Ohio. I had a conversation with the defendant, I asked him what was the matter with him and the negro he killed; and he said they had a falling out and the negro was cursing him and drew a pistol on him, and he was standing

pretty close to him, and he stood there for awhile and snatched the pistol out of the negro's hand and shot him four times." This evidence is in substantial accord with the defendant's statement as to what transpired at the time of the killing. As stated above, this evidence was offered by the State. It tended to show an actual assault upon the defendant, or an attempt by the deceased to commit a serious personal injury on him and to justify the excitement of passion. Under these circumstances it was error requiring a new trial that the court failed to give in charge to the jury the law of voluntary manslaughter.

As the case goes back for another hearing, we express no opinion on the sufficiency of the evidence to authorize the verdict, and we grant a new trial solely upon the ground that the court failed to charge the law of voluntary manslaughter as applicable to the case. The other assignments of error are without merit.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent because of sickness.*