24812. THOMAS *v.* THE STATE.

Decided June 27, 1935.

*William Bull, Thomas H. Crawford,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general,* contra.

Guerry, J. Everett Thomas and Robert Pelfrey were jointly indicted for the murder of Carl Lawrence. Robert Pelfrey was found not guilty, and Everett Thomas was convicted of voluntary manslaughter. Thomas excepts to the overruling of his motion for new trial. The defendant was a constable, and had on some previous occasions been called to arrest the deceased. It was developed by the evidence that there had been previous trouble between the defendant and the deceased, and that possibly a continuation of the previous differences was in effect. The evidence for the State, given by the brother of the deceased, was to the effect that he and his brother were at a church during night services and had gone down to a spring, and, while returning, met the defendant and Robert Pelfrey, and that, without a word being spoken, Robert Pelfrey struck the deceased with some instrument and knocked him down, and while he was falling the defendant shot and killed him, and then turned the pistol on the witness and shot at him twice. The evidence for the defendant tended to show that when the parties met, the deceased picked up a rock and knocked the defendant down, and that the deceased was reaching for another rock, and the defendant, while on one elbow, shot and killed him. There was evidence showing that the deceased a short time previous thereto had prevented the defendant from arresting him, and had made threats against the life of the defendant. There was sufficient evidence to show a probable continuation of bad feeling engendered the year before, as well as some weeks prior to the killing.

■ Error is assigned upon the refusal of the court to allow in evidence certain indictments against the deceased, charging him with assault with intent to murder the defendant. . From the state of the record this court is unable to determine when these indictments were returned, and whether or not, even if they were otherwise admissible, such indictments had any obvious connection with

the killing in the present instance. See, in this connection, *Daniel* v. *State,* 103 *Ga.* 202 (29 S. E. 767). The court admitted other evidence which may have thrown light on the transaction, the rule being that laid down in *Monroe* v. *State,* 5 *Ga.* 85, as follows: "Threats accompanied with occasional acts of personal violence are admissible to justify the reasonableness of the defendant's fears, provided a knowledge of the threats is brought home to him. ' And repeated quarrels may be shown between the parties, to establish the *malo animo;* but you can not go back to a remote period, and prove a particular quarrel or cause of grudge, unless it be followed up with proof of a continued difference flowing from that source." See, in this connection, *Baker* v. *State,* 142 *Ga.* 619, 622 (83 S. E. 531), where the following from 6 Enc. Ev. 779, is quoted approvingly: "By the great weight of authority, when the evidence as to self-defense is conflicting, or a sufficient preliminary showing has otherwise been made, the defendant may show his previous difficulties with the deceased, or the latter's previous attempts upon his life, or other assaults upon or hostile conduct toward him. Such evidence is competent because it tends to explain conduct of the deceased at the time of the homicide, and shows grounds for the defendant's fear of injury." In the light of the evidence admitted and the failure to show any connection as to the indictments offered, there was no error in excluding them.

■ Complaint is made that the court charged the jury with reference to voluntary manslaughter, it being insisted that the evidence for the State, if believed, made a case of murder, while the evidence for the defendant made a case of justifiable homicide, and that there was no sudden heat of passion. With this we can not agree. The defendant's statement as well as his evidence shows that he was knocked down by a rock thrown by the deceased, and that while the deceased was making another effort to strike him, he pulled his pistol and killed the deceased. The jury was warranted in finding, in such circumstances, that the rock was not a deadly weapon or that the killing was not solely in self-defense, but was in a sudden heat of passion and the result of a mutual intent to fight. It has been held too many times to require any further citation of authorities that where it is inferable, either from the evidence or the defendant's statement, that there was a mutual intent to fight, it is proper to charge the law of voluntary manslaughter. The judge did not err in so charging in the present case.

■ The existence of a conspiracy to do a particular act may be shown by circumstantial as well as direct evidence (*Smith* v. *State,* 47 *Ga. App.* 797, 171 S. E. 578, and cit.), and under the circumstances of this case the judge was well warranted in charging on the subject of conspiracy.

■ The remaining assignments of error are without merit. The evidence supports the verdict, and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*