SPRINGER *v.* THE STATE.

No. 10670. August 8, 1935.

*Astor Merritt,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Hal C. Hutchens, solicitor-general, S. W. Ragsdale, B. D. Murphy,* and *J. T. Goree,* contra.

Hutcheson, Justice. John Springer was tried for murder, it being charged that he stabbed and killed Willie J. Johnson. Upon the trial the defendant was convicted, "with recommendation," and sentenced to life imprisonment. His motion for new trial was overruled, and he excepted.

Movant asks for a new trial upon the ground that the court erred in failing to charge the law of voluntary manslaughter as set out in the Code of 1933, § 26-1007. Movant avers that the law of voluntary manslaughter should have been given, under the facts adduced by the evidence in this case.

William Davis testified as follows: "I was at the PTA supper at Dark Corner schoolhouse Feb. 17th, the night Willie J. Johnson was killed out there. I was out there when he got killed. Willie J. walked up with a gun and throwed it right on me, and I stepped out of the way and told him 'don't shoot me,' and he asked if John was in there, and he says 'G— d— him, if he is I am going to kill him.' John was there. . . . After he threw the gun on me, and I told him not to shoot me, he says 'Is John Springer in that crowd? if he is, G— d— him, I am going to kill him,' and John run up and stabbed him. The only thing he did before he stabbed him was throw the gun up. I mean by that, throwed the gun on John to shoot him; he did that before John stabbed him."

Coburn Taylor testified as follows: "It was at Dark Corner schoolhouse the night Willie J. Johnson was killed. I was present when he was killed, together with John and Cula Davis and John Springer, standing by the side of the schoolhouse. Me and John and Cula was standing there talking, and Willie J. came around the house with a shotgun and asked if John was there, and says 'if he is, let me have him,' meaning John Springer. He throwed the gun on John, and John knocked it up and run into him and stabbed him. When he throwed the gun on him, he just said, 'Let me have him if he is around there.' I had seen Willie J. that night in Winston at Coy Hall's store. I went to the party with him from Hall's store. He carried a 12-gauge shotgun with him to the schoolhouse. He had some shells there in the house not so awful long before the killing. He said he had the shells and wasn't going to let anybody run over him, bother him. Willie J. and I went together a little bit. I was with him two or three weeks before this, one night up about the white folks' schoolhouse. I don't remember what night. We had been to the schoolhouse. They throwed rocks at John Springer. John had been with his girl, Jessie McConnell, who live close by to the white folks' school. Me and John and Willie J. and Arthur Williams were over there close to the schoolhouse. Willie J. throwed rocks at John."

And we quote in this connection a part of the statement of the defendant when on trial: "The next time I saw them was at Dark Corner schoolhouse, talking to Charley Lee Scuttles, and he [Willie J. Johnson] walked up and called, and I went to see what he wanted, and he says 'John, didn't we run you that night?' I says 'No, you didn't run me. I hid from you.' He says, 'If we didn't run you with rocks, come out here, and we will run you with some shots and bullets,' and I wouldn't go out there, and they sent for me then, and I didn't go right then, and after a while I went out of doors and was standing there talking with Coburn Taylor and Cula Davis, and he walked up and says 'Yes,' and says, 'G— d— him, let me have him. I am going to kill him,' and he throwed the gun on me, and I run under it and throwed the barrel up and stabbed him."

Movant contends that he had a right to prevent serious bodily harm upon himself, and that any facts tending to point out an effort to commit such harm upon him necessarily involved the giving

in charge to the jury of the law of manslaughter. The judge's failure to do so was, in our opinion, reversible error. See *Williams* v. *State,* 125 *Ga.* 302 (54 S. E. 108); *Wall* v. *State,* 126 *Ga.* 549 (55 S. E. 484).

There is no merit in the other special grounds of the motion for new trial; and as a reversal will result from the ruling stated above, we do not here discuss the sufficiency of the evidence.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*