BURKE *v.* THE STATE.

No. 14660. OCTOBER 8, 1943.

*Howard, Camp & Tiller,* for plaintiff in error.

*T. Grady Head,* attorney-general, *John A. Boykin,* solicitor-general, *Quincy O. Arnold, Durwood T. Pye,* and *L. C. Groves,* assistant attorney-general, contra.

WYATT, Justice. If this evidence was such as would have authorized the jury to find the defendant guilty of the offense of voluntary manslaughter, it was the duty of the judge to charge the law upon this subject, and failure to do so would be error demanding a new trial, even though there was no request to charge on that subject. *Freeman* v. *State,* 158 *Ga.* 369 (123 S. E. 126) ; *Dennis* v. *State,* 93 *Ga.* 303 (20 S. E. 315) ; *Tanner* v. *State,* 145 *Ga.* 71 (88 S. E. 554) ; *Smith* v. *State,* 147 *Ga.* 682 (95 S. E. 223). The jury has the right to believe the testimony, or any part of the testimony, of any witness in the trial of a case. If the jury on the trial of this case should have believed that portion of the testimony of the witnesses to the effect that the property belonging to the deceased had all been returned by the defendant, and that thereafter the employee, Henry Clay, with a mop in his hand walked out of the restaurant and ordered the defendant to mop up the tomato juice on the floor, and this at a time when the defendant was walking away from and leaving the restaurant, and then the deceased ran out of the restaurant, waving a pistol in his hand, and struck either the defendant or his brother on the head with the pistol, and the defendant then and there had shot and killed the deceased, the law of voluntary manslaughter would certainly have been involved in the case. We do not mean to hold that the jury should have

found this state of facts to be true, but that the jury could have found under the evidence such state of facts to be true. In that event, the question of sufficient cooling time for the voice of reason and humanity to be heard would arise.. The matter of sufficient cooling time is a question of fact for the jury to decide. Code, § 26-1007; *Burney* v. *State,* 142 *Ga.* 812 (83 S. E. 937); *Williams* v. *State,* 125 *Ga.* 302 (54 S. E. 108). Under the evidence, the court committed error in failing to charge the law upon the subject of voluntary manslaughter. The judgment refusing a new trial is

*Reversed. All the Justices concur.*