30504. WILLIAMS *v.* THE STATE.

Decided June 3, 1944.

216

*Ford & Houston, J. H. Pate, J. W. Dennard,* for plaintiff in error.  *W. C. Forehand, solicitor-general, T. R. Perry Jr., R. D. Smith,* contra.

GARDNER, J. ■ We have given the evidence somewhat in detail, since the questions argued by able counsel' for both sides do

not differ as to any questions of law involved, but differ as to the application of the facts to the law. The gist of the contentions of the plaintiff in error is (and the argument is in the main directed to that position) that under the evidence voluntary manslaughter was not involved, and that the court committed reversible error in submitting that question to the jury; and that as to the general grounds the evidence does not support the verdict of voluntary manslaughter as applied either to irresistible passion or mutual combat. Counsel for the defendant cite numerous decisions of both the Supreme Court and this court to sustain this position. It is contended that since there was no eyewitness to the homicide, the statements of the defendant made in and out of court are essential to the State's case and that his statement, while admitting the homicide, at the same time contained exculpatory statements which showed justification. In this connection our attention is called, among others, to the following decisions: *McBeth* v. *State*, 122 *Ga.* 737 (50 S. E. 931); *McCray* v. *State*, 134 *Ga.* 416 (68 S. E. 62, 20 Ann. Cas. 101); *Crawford* v. *State*, 149 *Ga.* 485 (100 S. E. 633); *Miller* v. *State*, 184 *Ga.* 336 (191 S. E. 115); *Roberts* v. *State*, 189 *Ga.* 36 (5 S. E. 2d, 340); *Irwin* v. *State*, 194 *Ga.* 690 (22 S. E. 2d, 499); *Wall* v. *State*, 5 *Ga. App.* 305 (63 S. E. 27). As we view it, the evidence in the instant case is stronger than in the cases cited. When we consider the principle that the jury were authorized to accept a part of the defendant's statement and reject a part (*Grimes* v. *State*, 123 *Ga.* 754, 51 S. E. 721; *Cain* v. *State*, 7 *Ga. App.* 24, 65 S. E. 1069; and *Brown* v. *State*, 10 *Ga. App.* 50, 72 S. E. 537), and combine the accepted part with other facts and circumstances as shown by the evidence in this case, a quite different situation is presented from that in the cases cited; and from our view a situation which authorized the submission of voluntary manslaughter to the jury by the court, and which sustained the verdict. A case somewhat similar in principle under facts to the instant case, is *Booker* v. *State*, 153 *Ga.* 117 (111 S. E. 418). See also, *Drane* v. *State*, 147 *Ga.* 212 (93 S. E. 217); *Gamble* v. *State*, 58 *Ga. App.* 637 (199 S. E. 662).

It is well settled that if there is the slightest doubt as to whether or not voluntary manslaughter is involved in a particular case, it is the duty of the trial court to submit to the jury such question and let the jury decide what grade is involved. *Thomas* v. *State*,

51 *Ga. App.* 455 (2) (180 S. E. 760). The jury were authorized to infer from human experience and observation of human conduct that both the deceased and the accused mutually intended to fight to the death with deadly weapons. In reaching this conclusion they were not confined to the statements of the defendant in and out of court. The attitude of the defendant and of the deceased; as disclosed by the evidence, including the defendant's statement, authorizes this view. Also, the question of voluntary manslaughter under a passion was authorized. If, when the deceased and the defendant met at the scene of the homicide, the deceased took one of the defendant's pistols and in a scuffle, or deliberately, inflicted a wound on the defendant, as the defendant contends, and turned away and the defendant shot the deceased in the back, as the evidence shows, the jury were authorized to find voluntary manslaughter under an irresistible passion.

■ The first four special grounds complain in several ways of the court's charge on voluntary manslaughter. It is nowhere contended that the principles of law given in charge are erroneous in the abstract. The only assignment of error is that the facts did not warrant a charge on voluntary manslaughter. We have dealt with these questions along with the general grounds.

■ Special ground 5 is based on newly discovered evidence. The State made a counter-showing. The judge became the trior of this issue and resolved it against the accused. In doing so we think no abuse of discretion was shown. The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*