ELLINGTON *v.* THE STATE.

No. 16387.   OCTOBER 13, 1948.

*Osgood O. Williams,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. Cecil Davis, Solicitor-General, John Sammons Bell, Assistant Attorney-General,* and' *Frank H. Edwards,* contra.

CANDLER, Justice.   Hamp Ellington was indicted for the murder of Tommie Milton Hobbs.   He was convicted with a recommendation of mercy and sentenced to life imprisonment.   His motion for new trial, as amended, was overruled, and he excepted.

■    Headnotes 1-4 require no elaboration.

■   In the sixth special ground of the amended motion, it is insisted that the court erred in not charging the jury on the subject of voluntary manslaughter.   On the trial the State introduced in evidence a signed statement, made by the defendant before investigating officers in which he stated: "We had gone just a short distance when Mr. Hobbs drove his car in a ditch . . running over a big rock in the ditch.   I got under the car to dig the rock out and Mr. Hobbs cussed me out to everything, and looked over in the back part of the car for something.   I thought he was looking for a pump and he took something out of

the car, I thought was a pump until he hit at me with what he had in his hands, and I grabbed it. Both of us were drunk and didn't neither one of us know what we was doing, and I snatched what I thought was a pump out of his hands and hit him in the head. . . It was an axe I hit Mr. Hobbs with." The testimony of R. M. Moore, the sheriff, also offered by the State, was in substantial accord with the defendant's statement.

This evidence showed an actual assault upon the defendant, or an attempt by the deceased to commit a serious personal injury on him, sufficient to justify the excitement of passion, and to exclude all idea of deliberation or malice. It was such as would authorize the jury to find that the killing happened under such circumstances, which would necessarily reduce the crime from murder to voluntary manslaughter, and this being true, the jury should have had appropriate instructions on the subject of voluntary manslaughter, and the failure to give such a charge requires a new trial. *Pierce* v. *State,* 132 *Ga.* 27 (supra) ; *Drane* v. *State,* 147 *Ga.* 212 (93 S. E. 217) ; *Booker* v. *State,* 153 *Ga.* 117 (111 S. E. 418) ; *Freeman* v. *State,* 158 *Ga.* 369 (123 S. E. 126) ; *Burke* v. *State,* 196 *Ga.* 702 (27 S. E. 2d, 313).

Since the case is remanded for another trial, no opinion is expressed as to the sufficiency of the evidence to authorize the verdict.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*