## 33718. NANCE v. THE STATE.

Decided October 25, 1951.

■■■■■■■■■

Frank B. Stow, Robert E. Andrews, for plaintiff in error.

Jeff C. Wayne, Solicitor-General, contra.

GARDNER, J. ■ Without commenting upon the evidence under the general grounds, suffice it to say that the evidence was abundantly sufficient to authorize the verdict.

■ ■ We come next to consider the special grounds. The State offered in evidence the photograph which the witnesses for the State had made after the still had been placed on the furnace. These objections are included in seven special grounds. Attached to the special grounds is an exhibit of the photograph. The errors assigned on the introduction of this photograph are: (a) that it did not show the true condition of the basement and what was in it at the time the witnesses went in the basement; (b) that the photograph was an attempt to get before the jury evidence that did not exist at the time the witnesses first entered the premises; (c) that the photograph was highly prejudicial and could serve no purpose other than to prejudice the minds of the jurors against the defendant; (d) that the evidence was objected to at the time it was offered, and the objection was overruled by the court and the photograph was admitted; (e) that it was material, prejudicial, and hurtful. Such, in substance, is the evidence objected to, consisting of the photograph and testimony pertaining thereto, on which special ground error is properly assigned.

■ Let us inquire as to whether or not the errors assigned on the special grounds are meritorious. Counsel for the defendant strongly contend that the verdict of guilty is contrary to evidence and the principles of justice and equity, and that the judge erred in not granting a new trial under the principles of law contained in Code § 70-202; and also under the law contained in Georgia Power Co. v. Gillespie, 48 Ga. App. 688 (173 S. E. 755), which was in reference to the inadmissibility of evidence that does not represent the scene according to other undisputed evidence; and under the principles of law in Shaw v. State, 83 Ga. 92 (9 S. E.

768), concerning the introduction of a photograph; and also under *Gossett* v. *State*, 6 *Ga. App.* 439 (65 S. E. 162), which holds to the effect that, when any testimony is not only irrelevant but tends to prejudice the jury against the defendant in a case where his guilt of the offense for which he is being tried is not clearly made out by competent evidence, the defendant in such event has not had the fair treatment to which he is entitled under the law, and the judgment of guilty should be reversed. Such is the extent of the authorities cited and relied upon by counsel for the defendant for reversal. In our opinion these cases are not applicable under all the facts and circumstances appearing in the instant case, and the contentions in the general grounds are not meritorious.

In conclusion, we might add that the decisions which are controlling under the record of this case are: *Butler* v. *State*, 142 *Ga.* 286 (82 S. E. 654) ; *Rose* v. *State*, 184 *Ga.* 451 (191 S. E. 426; *Ellington* v. *State*, 204 *Ga.* 456 (49 S. E. 2d, 872) ; *Anderson* v. *State*, 206 *Ga.* 527 (57 S. E. 2d, 563) ; and *Bell* v. *State* 71 *Ga. App.* 430 (31 S. E. 2d, 109). We will not comment on these cases, but viewed in the light of the facts of this case pertaining to the introduction of a photograph over objections, those cases speak for themselves, and to our way of thinking are conclusive that the court did not err in admitting the photograph for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*