34449. ECHOLS v. THE STATE.

CARLISLE, J. 1. Where, upon the trial of one charged with murder, a third person is permitted to testify that, at the time the victim of the homicide lay dying of a gunshot·wound in the defendant's house, the defendant stated that he had shot him and had intended to kill him, and that the defendant's wife had replied, "Don't say that, say something else," such testimony as to that conversation between the defendant and his wife was relevant as illustrating intent, and was not inadmissible on the ground that the wife could not testify against her husband. *Kennedy* v. *State,* 191 *Ga.* 22 (5) (11 S. E. 2d, 179); *Williams* v. *State,* 139 *Ga.* 591 (77 S. E. 818); *Hudson* v. *State,* 153 *Ga.* 695 (113 S. E. 519), and citations. Special grounds, complaining of such testimony, are without merit.

2. "Good character is a substantive fact in defense, and may itself alone be sufficient to generate a reasonable doubt of guilt. When the evidence warrants it, trial courts may very properly state to the jury the weight that they would be authorized to give to proof of good character, but without an appropriate written request the failure to do so will not amount to reversible error." *Webb* v. *State,* 6 *Ga. App.* 353 (64 S. E. 1001); *Mills* v. *State,* 17 *Ga. App.* 116 (1) (86 S. E. 280), and citations. Special ground 3, complaining of the court's failure to charge the jury on the law of good character, is, under the foregoing authorities, without merit.

3. Applying the rule in *Goldsmith* v. *State,* 54 *Ga. App.* 268 (187 S. E. 684)—that, in determining whether the homicide was murder or manslaughter, it is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence—to the evidence and the defendant's statement, the verdict finding the defendant guilty of voluntary manslaughter is authorized, and the trial court did not err in overruling the motion for a new trial for any reason assigned.

   *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

   DECIDED JANUARY 14, 1953.

*W. L. Nix, Thomas G. Moore,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.