## McDANIEL *v.* THE STATE.

No. 18226.   Argued May 12, 1953—Decided June 10, 1953.

*S. B. Lippitt, Preston Clayton* and *Sam LeMaistre,* for plaintiff in error.

*R. A. Patterson, Solicitor-General, Joe M. Ray, Eugene Cook, Attorney-General* and *Rubye G. Jackson,* contra.

HEAD, Justice. ■ The first ground of the amended motion for new trial (4-a) asserted that the trial court erred in failing to charge the jury the law of voluntary manslaughter as contained in the Code, § 26-1007.

The State insists that under the State's evidence the accused is guilty of murder, and that under the defendant's statement, the killing was justifiable homicide, and that the law of voluntary manslaughter was not, therefore, involved. Where the killing is either murder or justifiable homicide, the law of voluntary manslaughter should not be charged. See *Morgan* v. *State,* 108 *Ga.* 748 (32 S. E. 854); *Berry* v. *State,* 122 *Ga.* 429 (50 S. E. 345); *James* v. *State,* 123 *Ga.* 548 (51 S. E. 577); *Crawford* v. *State,* 125 *Ga.* 793 (54 S. E. 695); *Washington* v. *State,* 136 *Ga.* 66 (70 S. E. 797); *Irwin* v. *State,* 194 *Ga.* 690 (22 S. E. 2d, 499).

In the present case, there were no witnesses who saw the homicide, and the State sought to prove that the defendant was guilty of murder by witnesses who related statements made to them by the defendant, and by an expert witness who testified concerning certain physical facts. The statements of the defendant, related by the Sheriff of Quitman County and two investigating officers, showed circumstances of justification or mitigation. In the defendant's statement to the jury his account of the homicide was in substance the same as the statements made to the officers.

Under all of the evidence, the jury would have been authorized to reject the defendant's claim that the homicide was justified. They might have believed, however, that the deceased was attempting to make an assault on the defendant which was less than a felony, in that the deceased, who was in a drunken condition, was advancing on the defendant with a small knife and making threatening remarks. Generally, under the law of this State, the crime of stabbing is a misdemeanor. Code, § 26-1701.

"If one kills another, under the fears of a reasonable man, that the deceased was manifestly intending to commit a personal

injury upon him, amounting to felony, the killing is justifiable homicide; if the prisoner is under similar fears of some injury less than a felony, the offense is manslaughter, and not murder." *Keener v. State,* 18 *Ga.* 194 (10). See also *Monroe v. State,* 5 *Ga.* 85, 86 (4); *Crawford v. State,* 90 *Ga.* 701 (3) (17 S. E. 628); *Mullis v. State,* 196 *Ga.* 569, 579 (7) (27 S. E. 2d, 91).

Under the evidence in this case, the law of voluntary manslaughter should have been given in charge to the jury. See *Crawford v. State,* 12 *Ga.* 142 (6); *Dennis v. State,* 93 *Ga.* 303 (20 S. E. 315); *Bell v. State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland v. State,* 133 *Ga.* 76 (65 S. E. 148); *Underwood v. State,* 146 *Ga.* 137 (3) (90 S. E. 861); *Vernon v. State,* 146 *Ga.* 709 (2) (92 S. E. 76); *Smith v. State,* 147 *Ga.* 682 (95 S. E. 223); *Booker v. State,* 153 *Ga.* 117 (111 S. E. 418); *Freeman v. State,* 158 *Ga.* 369 (123 S. E. 126); *Plymel v. State,* 164 *Ga.* 677 (139 S. E. 349); *Springer v. State,* 180 *Ga.* 867 (181 S. E. 177); *Burke v. State,* 196 *Ga.* 702 (27 S. E. 2d, 313); *Campbell v. State,* 204 *Ga.* 399 (49 S. E. 2d, 867); *Ellington v. State,* 204 *Ga.* 456, 457 (5) (49 S. E. 2d, 872); *Faust v. State,* 208 *Ga.* 53, 56 (65 S. E. 2d, 148).

The trial court erred in overruling this ground of the amended motion for new trial.

In ground 4-b error was assigned upon the failure of the court to charge the jury in the language of a written request. The requested charge defined the law of murder, voluntary manslaughter, and justifiable homicide.

The law of murder and of justifiable homicide was fully covered in the charge as given to the jury, but it was reversible error not to charge the law of voluntary manslaughter, as heretofore held.

Ground 4-c assigned error on the failure to charge the jury the law of voluntary manslaughter on the theory of mutual combat. There was no evidence in the case as to mutual combat, and there is no merit in this ground.

Error was assigned in ground 4-d upon the failure of the court to charge the jury, pursuant to a written request, as follows: "I charge you, gentlemen of the jury, that on the trial of a defendant charged with murder, that the burden is on the State to prove malice, either express or implied, and unless the

State proves malice beyond a reasonable doubt, then there can be no verdict of guilty of murder, and there can be no murder without malice."

In the charge as given, the trial judge defined malice in the language of the statute, and he further charged the jury that the burden was upon the State to prove every material allegation of the indictment, and that, if from the evidence the jury should have a reasonable doubt as to the existence of any material fact necessary to make out the case as charged in the indictment, it would be the duty of the jury to give the benefit of the doubt to the defendant and acquit him.

In the absence of a request, the charge as given would have been sufficient. Generally it may be assumed that jurors will understand that "malice aforethought" is a material allegation of the indictment, but, where the defendant presents a valid and correct request to charge elaborating on the principle that malice is an essential element in the crime of murder, such request should be charged. *Roberts* v. *State,* 114 *Ga.* 450 (40 S. E. 297); *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783); *Rowe* v. *Cole,* 176 *Ga.* 592 (168 S. E. 882); *Summer* v. *Boyd,* 208 *Ga.* 207 (66 S. E. 2d, 51).

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*