## 35134. McDANIEL *v*. THE STATE.

DECIDED SEPTEMBER 27, 1954—REHEARING DENIED NOVEMBER 30, 1954.

*S. B. Lippitt, W. E. Taylor, Jr.,* for plaintiff in error.

*R. A. Patterson, Solicitor-General, Joe M. Ray,* contra.

GARDNER, P. J. 1. There is no exception to the charge of the trial court. The judge charged correctly, fully, and clearly the law with reference to murder, justifiable homicide, the principle of law involving reasonable fears, apparent necessity for the taking of human life, and also voluntary manslaughter in compliance with the decision of the Supreme Court, as well as the law with reference to verdicts of guilty or not guilty on all phases of the case, charging in part as follows: "Manslaughter is the unlawful killing of a human creature without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary upon a sudden heat of passion, or involuntary, in the commission of an unlawful act, or a lawful act without due caution and circumspection.

"In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed, to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible, for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as murder. Serious personal injury as used in this section means injury greater than a provocation by mere words, and less than a felony.

"Justifiable homicide is the killing of a human being by commandment of the law, in the execution of public justice, by permission of the law in the advancement of public justice, in self-defense, or in defense of habitation, property or person

against one who manifestly intends or endeavors by violence or surprise, to commit a felony on either, or against any person who manifestly intends and endeavors in a riotous or tumultous manner to enter the habitation of anyone for the purpose of assaulting or offering personal violence to any person dwelling or being therein.

"By a felony is meant an offense for which the offender on conviction would be liable to punishment by death or imprisonment for the offense, in the penitentiary. All other offenses against the penal law of this State are classed as misdemeanors.

"I charge you further, that a bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man that his life was in danger or some serious personal violent injury inflicted upon him, and acting in good faith, he shot the person named in the indictment. Shooting in a spirit of anger or revenge would amount to murder.

"The punishment for voluntary manslaughter is not less than one year nor more than twenty years imprisonment in the penitentiary. Should you convict the defendant of that offense, voluntary manslaughter, then it would become your duty to prescribe his punishment, and in prescribing his punishment, you would fix a minimum and a maximum penalty as prescribed by law. And in fixing such punishment you could take any intermediate period or periods falling within the minimum and maximum periods of punishment, as prescribed by law.

"The distinguishing features existing between these two grades of homicide, murder and voluntary manslaughter, is simply this: Murder means killing in malice, while voluntary manslaughter means killing in passion, done under that sudden, violent impulse of passion supposed to be irresistible, and done with such suddenness that the voice of reason and humanity had not had time to be heard.

"I charge you further gentlemen, where a defendant has been placed on trial, charged with a crime, that he is entitled to the benefit of every reasonable doubt as to each and every phase of his case, and such doubt extends not only to his guilt of the crime charged and alleged in the bill of indictment, but whether he be

guilty of a lower grade involved thereunder. If the jury should believe the defendant guilty of some grade, some offense, but are doubtful as to whether it be the higher grade, the grade for which he has been indicted, or the lower grade that is involved thereunder, then it becomes the jury's duty to resolve that doubt in the defendant's favor and convict the defendant of the lower grade. On the contrary, if the jury do not believe the defendant guilty of any offense, or have any reasonable doubt about that, it then becomes the jury's duty to resolve that doubt in the defendant's favor and convict the defendant of the lower grade. On the contrary, if the jury do not believe the defendant guilty of any offense, or have any reasonable doubt about that, it then becomes the jury's duty to resolve that doubt in the defendant's favor and acquit the defendant.

"If you believe from the evidence and the statement of the defendant that in killing the deceased the defendant acted under the fears of a reasonable man that the deceased was about to commit a felony upon him, or take his life, then you should acquit the defendant. In this connection, I charge you, that it is not incumbent upon the defendant to show that the killing was actually necessary, but that it would be sufficient if you believed that the accused, as a reasonable man, at the time of the killing believed, and had good reason to believe, that the killing was necessary; and I further charge you, that if you have a reasonable doubt as to whether or not the defendant believed as a reasonable man that the killing was actually necessary, it would be your duty to find the defendant not guilty.

"If you believe from the circumstances of the case, as the same have been presented to you by the evidence in the case, including the statement of the defendant, that the situation at the time of the homicide was such as to excite the fears of a reasonable man in the situation of the defendant, that a felony was about to be committed upon him, or that his life was in danger, and that the defendant acted under those fears, and not in a spirit of revenge, and took the life of the deceased, then you should acquit him; and you should do so, nothwithstanding you may believe the defendant was in no danger and that if he had not acted, the deceased would not have committed any felony upon him. It is not necessary that there should have been

any actual danger of a felony about to be committed on the defendant, provided the defendant, acting under the fears of a reasonable man, believed in good faith that he was in such danger.

"It is not essential, in order for such killing to be justifiable, that an actual assault should have been made upon the person of the slayer, or that a blow should be actually given or struck. Nor is it essential, for such killing to be justifiable, that the assailant be within striking distance or reach of the slayer, if the attack be apparently imminent. It is sufficient, in order to make this defense available, if it appears that the circumstances were sufficient to excite the fears of a reasonable man that a felony was about to be committed upon his person, and that the party killing acted under the influence of those fears and not in a spirit of revenge.

"I charge you, gentlemen of the jury, it is your duty to consider all of the facts and circumstances of the case as produced by the evidence, including the defendant's statement, in determining whether the defendant killed the deceased while the deceased was making some actual assault upon the defendant, or was attempting to commit a serious personal injury upon the defendant, or whether the defendant acted with deliberation and malice, or whether the defendant was justified. In the event you should find from the evidence in this case, and to your satisfaction, and beyond a reasonable doubt, that the defendant acted with deliberation and malice, and without legal justification or excuse, then and in that event you should find the defendant guilty of murder. If, on the other hand, you should find that the defendant acted without deliberation and malice, but the facts and circumstances, including the defendant's statement, convince you beyond a reasonable doubt, that the defendant killed the deceased while the deceased was making an actual assault upon the defendant, or was attempting to commit a serious injury on the defendant, or other equivalent circumstances to justify excitement of passion and to exclude all idea of deliberation or malice, either express or implied, then you should find the defendant guilty of voluntary manslaughter. If, on the other hand, you should find the defendant, under all the facts and circumstances of the case, including the defendant's statement,

acted under the fears of a reasonable man, that the killing was necessary, or apparently so to a reasonable. man, in order to protect the defendant, as contended by the defendant, from a felony being committed upon him by the deceased, then and in that event, I charge you that it would be your duty to acquit the defendant and bring in a verdict of not guilty. Or, if you have reasonable doubt resting upon your minds of the guilt of the defendant of either murder or voluntary manslaughter, then you should acquit the defendant and bring in a verdict of not guilty.

· "I charge you further gentlemen, that the defendant in this case pleads not guilty. He contends he is not guilty of anything. He contends or claims that he shot the deceased in self-defense. He contends that at or about the time of the alleged transaction or homicide, that the decedent was the aggressor, and that he shot the decedent in self-defense. If you believe that, you ought to acquit, or if you have any reasonable doubt about it, you ought to resolve that doubt in the defendant's favor and acquit. If you believe that at the time of the homicide that the defendant, acting under the fears of a reasonable man, believing his life was in danger, or a felony about to be perpetrated upon him, and acting under the influence thereof, he shot and slew the decedent, that would amount to justification and you should acquit.

"If you do not believe the defendant guilty of murder as charged and alleged in the indictment, but do believe he is guilty of some other offense, it would be your duty to go further in your investigation and say and determine whether· or not he is ·guilty of the offense of voluntary manslaughter. If the evidence in this case satisfies your minds beyond a reasonable doubt, that the defendant is guilty of voluntary manslaughter you ought to convict him for that. Otherwise not, if you do not believe the defendant guilty of voluntary manslaughter or have a reasonable doubt about it, it would be your duty to give the defendant the benefit of that doubt and acquit the defendant."

2. In addition to Code § 26-1007 and decisions cited by the Supreme Court (*McDaniel* v. *State*, supra), we cite a few other decisions as follows: *Echols* v. *State*, 87 *Ga. App.* 399 (3) (74 S. E. 2d 128), which holds to the effect that, in determining whether a homicide was murder or manslaughter, it is a preroga-

tive of the jury to believe certain parts only of the defendant's statement and combine those parts with certain parts only of the evidence to determine the verdict of the jury as to manslaughter. See *Morgan* v. *State*, 77 *Ga. App.* 516 (1) (48 S. E. 2d 681). See also *Gray* v. *State*, 77 *Ga. App.* 747 (2) (49 S. E. 2d 829). There are many other decisions to the same effect. Both the Court of Appeals and the Supreme Court have repeatedly held in numerous decisions, where the only question to be determined is a sufficiency of evidence to support the verdict and where a motion for a new trial is based only on the general grounds, that the appellate courts cannot interfere with the trial court's overruling a motion for a new trial, if there is any evidence, however slight, to support the verdict. See *Stembridge* v. *State*, 82 *Ga. App.* 214 (60 S. E. 2d 491); *Walker* v. *State*, 80 *Ga. App.* 418 (56 S. E. 2d 132). See also *North* v. *State*, 69 *Ga. App.* 836, 841 (26 S. E. 2d 892), and cases cited therein, for further comment on the law to the effect that where the evidence, however slight, tends to show voluntary manslaughter, it is the duty of the trial court to charge the jury on voluntary manslaughter so that the jury may determine whether or not the defendant is guilty of voluntary manslaughter.

The evidence is sufficient to support the verdict and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*