35699. CARTER *v.* THE STATE.

TOWNSEND, J. 1. "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied. . . The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible." Code § 26-1007.

2. A homicide is not justified where committed merely to prevent a serious personal injury not amounting to a felony upon the person killing. Code § 26-1011; *Battle* v. *State*, 103 *Ga.* 53 (4) (29 S. E. 491); *Williams* v. *McCranie*, 27 *Ga. App.* 693 (2) (109 S. E. 699).

3. Where, on an indictment for the offense of murder, the jury, by believing certain parts only of the defendant's statement and combining those parts with certain parts only of the evidence in the case, would be authorized to conclude that the killing was manslaughter, rather than. murder as contended by the State, or justifiable homicide as contended by the defendant, a verdict finding the defendant guilty of manslaughter is not contrary to law. *Echols* v. *State*, 87 *Ga. App.* 399 (3) (74 S. E. 2d 128); *Goldsmith* v. *State*, 54 *Ga. App.* 268 (187 S. E. 694); *Grimes* v. *State*, 123 *Ga.* 754 (1) (51 S. E. 721).

3. Applying the foregoing rules of law to the instant case, the jury here was authorized to find that the defendant had made previous threats against the deceased; that, at the time of the homicide, the deceased provoked a quarrel with the defendant· and the defendant procured a pistol; that the deceased then drew a knife on the defendant and advanced upon her for the purpose of committing the offense of stabbing, which offense is less than a felony; and that, before the deceased was in striking distance, the defendant in a sudden and violent heat of

passion fired upon and killed the assailant, her husband. There was accordingly some evidence authorizing the jury to find the defendant guilty of the crime of voluntary manslaughter, and the trial court did not err in so charging, as complained of in the special grounds of the motion for a new trial. Cf. *McDaniel* v. *State*, 209 *Ga.* 827 (76 S. E. 2d 500); s. c., 91 *Ga. App.* 196 (85 S. E. 2d 490).

The verdict was authorized by the evidence, and the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 20, 1955.

*Robert B. Williamson*, for plaintiff in error.

*W. J. Forehand, Solicitor-General*, contra.