## 25745. BURGESS v. THE STATE.

HAWES, Justice. The appellant was convicted of murder and sentenced to life imprisonment. She filed a motion for new trial on the general grounds and on four special grounds which was overruled, and she appealed.

1. There was no dispute that the defendant shot the deceased. In her statement and by evidence of witnesses in her behalf, she sought to show that the deceased, who was her former husband, was advancing upon her in a threatening manner with his hand in his pocket; that she feared he might draw a knife on her; that he took hold of her coat to restrain her from leaving, and that she drew a pistol, which she had only recently purchased, from her pocketbook and fired several shots into the body of the deceased in self-defense. In his argument to the jury, counsel for the defendant expressly disclaimed voluntary manslaughter as an issue in the case, claiming justification and resting his argument solely on the

ground that the defendant fired the gun in self-defense. Under these circumstances, the trial court did not err in failing to instruct the jury with respect to voluntary manslaughter. *Jones v. State,* 224 Ga. 283, 286 (161 SE2d 302); *Grice v. State,* 224 Ga. 376 (3) (162 SE2d 432).

2. Appellant complains because the court refused to permit a witness to testify with regard to threats made by the deceased against the accused at some unspecified date. The witness was unable to say whether the threats were ever communicated to the accused prior to the killing. It is well established that evidence of such threats is irrelevant, unless it be shown that they were communicated to the accused. *Monroe v. State,* 5 Ga. 85 (3); *Bowie v. State,* 19 Ga. 1, 7; *Thomas v. State,* 51 Ga. App. 455, 456 (180 SE 760). The court did not err in excluding evidence as complained of in the second ground of enumerated error.

3. The evidence was sufficient to authorize the jury to find that the defendant shot the deceased without justification, and that the deceased died as the result of gunshot wounds inflicted by the defendant. The evidence authorized the verdict of guilty.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1970—DECIDED JUNE 8, 1970—
REHEARING DENIED JULY 9, 1970.

*Parker & Smith, James I. Parker,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Dorothy T. Beasley, Deputy Assistant Attorney General,* for appellee.

