## 63980. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

Appellant Carol Emmett Williams was charged with murder and convicted of voluntary manslaughter in the death of a man he suspected of having an affair with his wife. Appellant's wife had been out until 2:30 a. m. with the deceased and another friend and had agreed to meet the deceased later, but the appellant met the deceased instead. He testified he shot the deceased in self-defense because he believed the deceased was reaching for a gun. Appellant enumerates three errors below. *Held:*

1. The trial court did not err in refusing to charge mistake of fact, under Code Ann. § 26-705. The jury was properly charged as to the elements of justifiable homicide; the fact that the jury did not find justifiable homicide but found criminal intent comprising voluntary manslaughter, necessarily precludes any possibility that the appellant could have been acquitted for mistake of fact. *Lamar v. State,* 243 Ga. 401, 403 (6) (254 SE2d 353); *Jordon v. State,* 232 Ga. 749 (4) (208 SE2d 840); *McClendon v. State,* 231 Ga. 47 (199 SE2d 904); *Hobgood v. State,* 162 Ga. App. 435 (291 SE2d 570) (1982).

2. The trial court charged: "Once an issue of an affirmative defense is raised, the burden of proof rests upon the state, as in all other cases, to prove the defendant guilty beyond a reasonable doubt." We agree with appellant that this charge is not as complete as the one he requested, but the charge given did not place any burden of persuasion upon the appellant and was not misleading. It is a correct principle of law and is not error.

3. Appellant's final enumeration of error is moot by reason of a correction in the transcript.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 21, 1982.

*Tracy Moulton, Jr.,* for appellant.

*Charles Ferguson,* District Attorney, for appellee.