69926. ELLIS v. THE STATE.
(330 SE2d 764)

CARLEY, Judge.

Appellant was indicted for murder. The jury returned a verdict of guilty of voluntary manslaughter. Appellant's motion for new trial was denied and he appeals.

1. In two related enumerations of error, appellant raises the general grounds. Our review of the record demonstrates that "appellant may not successfully contend that the evidence does not support his conviction, because he affirmatively offered the alternative theory of voluntary manslaughter to the jury." *Speights v. State*, 163 Ga. App. 738, 740 (294 SE2d 650) (1982). See also *State v. Clay*, 249 Ga. 250 (290 SE2d 84) (1982). "Since there is evidence which supports a verdict of guilty of the more serious offense, and there is slight evidence of the lesser included offense, appellant, who requested a charge on and was convicted of the lesser offense, may not successfully urge the general grounds on appeal. [Cit.]" *Vick v. State*, 166 Ga. App. 572, 573-574 (305 SE2d 17) (1983).

2. Appellant enumerates as error the failure to give his requested instruction on the defense of mistake of fact. The asserted mistake of fact concerned whether the victim was armed, and thus, whether appellant was justified in shooting first in self-defense.

The record demonstrates that the trial court gave a full charge on self-defense, which included the following: "a person is legally justified in using force against another when and to the extent that *he reasonably believes* that such force is necessary to defend himself against such other's [imminent] use of unlawful force." (Emphasis supplied.) Thus, appellant was not also entitled to a charge on OCGA § 16-3-5. See *McClendon v. State*, 231 Ga. 47, 48 (4) (199 SE2d 904) (1973); *Jordon v. State*, 232 Ga. 749, 754 (4) (208 SE2d 840) (1974); *Ellison v. State*, 158 Ga. App. 419 (1) (280 SE2d 371) (1981); *Shelton v. State*, 161 Ga. App. 524 (1) (289 SE2d 768) (1982); *Williams v. State*, 162 Ga. App. 663 (1) (292 SE2d 531) (1982).

3. At trial, evidence of threats made by the victim against appellant was limited to those threats that were actually communicated to appellant. On appeal, appellant asserts that evidence of all the threats made by the victim, regardless of their actual communication to appellant, should have been admitted. "It is well established that evidence of such threats is irrelevant, unless it be shown that they were communicated to the accused. [Cits.]" *Burgess v. State*, 226 Ga. 529, 530 (2) (175 SE2d 829) (1970).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 10, 1985.

*Mark W. Straughan*, for appellant.
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney*, for appellee.